Parker, C. J.
The report of the auditors is not binding and conclusive in itself; although it becomes so, if no substantial objection is shown to it. The authority given related to the whole transactions of the guardian, as well to his duty with respect to the former guardian, as his own management of the estate.
. With respect to the costs, we doubt whether the decision is correct. A confession of the forfeiture seems to involve a necessity for damages, which in this case ought to be nominal; but still, as the plaintiff has prevailed in his suit, he is legally entitled to costs. The auditors have not the powers which referees have, of awarding costs to either party, whether to him who prevails or bis adversary. Their power and duty is only to state the account, with vouchers tending to prove, or remarks tending to explain, the items.
Whether the defendant could have protected himself at law under a plea of omnia performavit, we are not able to say. It would *363 seem, however, that the neglect or refusal to account, when cited by the judge of probate, would have been a breach of the condition. The defendant did not, however, put himself on legal defence ; but acknowledged that in point of law he was chargeable. Upon a hearing in equity, it appears that nothing is due from the guardian. But still the plaintiff must be considered as having prevailed ; and is, therefore, by the statute entitled to costs.
The appointment of auditors being by consent, the costs of the hearing before them is subject to the discretion of the Court; and, it being the opinion of the auditors that the plaintiff * ought even to pay costs, we think that he ought not to [*415] be allowed any thing but what may be strictly called the costs of court.†

 Vide Coffin vs. Jones, 5 Pick. 61.