GEORGE MCBRIDE *vs.* HENRY S. LITTLE & another.

Suffolk. March 19. — June 23, 1874. AMES & DEVENS, JJ., absent.

A creditor, who has advanced the money for the composition of an insolvent with his creditors, is not entitled to an injunction restraining the prosecution of an action at law, brought by another creditor against the insolvent, for the balance of his debt after the payment of the composition, in the absence of fraud or collusion between said creditor and the insolvent.

An injunction will not be granted to restrain a judgment in a suit at law after verdict, if the party seeking it could by proper diligence have protected his rights in that suit.

BILL IN EQUITY for an injunction against Henry S. Little and James Brooks. The case was heard on bill and demurrer by *Morton*, J., who reserved it for the consideration of the full court. The facts of the case appear in the opinion of the court.

*J. F. Pickering & I. J. Cutter*, for the defendant Little.

*N. Richardson*, for the plaintiff, contended that when there is a composition, it is a fraud in any one creditor who is a party to sue the insolvent to collect the balance of his original claim, and the other creditors, or either of them, may sustain a bill to prevent it, and referred to Chit. Con. (10th Am. ed.) 758, 759, and cases cited; *Steinman* v. *Magnus*, 11 East, 390; *Boothbey* v. *Sowden*, 3 Camp. 175; *Mackenzie* v. *Mackenzie*, 16 Ves. 372; *Cranley* v. *Hillary*, 2 M. & S. 120.

MORTON, J. This is a bill to enjoin the defendant Little from prosecuting to judgment a suit at law which he has commenced against the defendant Brooks, and in which a verdict has been rendered in Little's favor. The ground upon which the plaintiff seeks to maintain it is, that he advanced money to enable Brooks to settle with his creditors, who, including Little, agreed that they would discharge their debts against Brooks upon the receipt of thirty per cent. thereof; that Little held a note of four hundred dollars, which had been discounted, that the plaintiff paid Little the thirty per cent. to enable him to take up and surrender said note, and that Little took it up and did not surrender it, but commenced the suit thereon against Brooks which this bill seeks to enjoin. The bill does not allege that Brooks has not repaid the plaintiff all the advances made by him, and therefore fails to show that the plaintiff has any interest in the question whether Little should have a judgment against Brooks. But if the bill should be amended by adding this allegation, we are of opinion that it could not be maintained. If the plaintiff is a creditor of Brooks, this does not give him such an interest that he can enjoin a suit against Brooks. There is no allegation of collusion between Little and Brooks to defraud the creditors of the latter. The mere fact that a judgment in a suit brought against a debtor will lessen his ability to pay his other debts,

does not create in his other creditors such a legal interest as entitles them to be heard upon the questions involved in the suit or to enjoin its prosecution.

Another objection to this bill is, that it does not appear that the questions raised by it were not, or might not have been, if due diligence was used, litigated in the suit at law.

There being no fraud or collusion, the proper remedy of the plaintiff was, with the consent of Brooks, to try these questions in defence of that suit. An injunction will not be granted to restrain a suit after verdict, if the party seeking it could by proper diligence have protected his rights in that suit. 3 Dan. Ch. Pr. (3d Am. ed.) 1723.                                      *Demurrer sustained.*