SAMUEL R. PAYSON & another *vs.* EBENEZER G. LAMSON & others.

Suffolk.   Jan. 25. — April 3, 1883.   FIELD & W. ALLEN, JJ., absent.

If a promissory note and a mortgage given to secure it, executed at the same time, do not correspond as to interest, extrinsic evidence is admissible in an action at law to show which paper expresses the real intention and agreement of the parties.

This court will not entertain a bill in equity to restrain the prosecution of an action at law, when the defence to it can be made as well at law as in equity.

C. ALLEN, J.   The present defendants brought an action at law to recover back the amount paid by them, as owners of the equity of redemption of certain real estate, to the plaintiffs, as mortgagees, in excess of what was due on the mortgage. By a power of sale, the mortgagees were authorized in case of default to make sale of the premises without any order of court. It is clear that an action to recover back an excess exacted and paid under such a mortgage may be maintained, both by virtue of express statute, and also probably at common law. Gen. Sts. c. 140, § 30. *Cazenove* v. *Cutler*, 4 Met. 246. *McMurtrie* v. *Keenan*, 109 Mass. 185. *Close* v. *Phipps*, 7 Man. & G. 586. *Fraser* v. *Pendlebury*, 10 W. R. 104. The condition of the

mortgage in the present case provided that, if the mortgagor should pay to the mortgagee the sum of $30,000 in eighteen months from date, with six per cent interest per annum thereon during said term, payable semiannually, then the mortgage, and also three notes for $10,000 each, dated the same day, signed by the mortgagor, promising to pay the said sum and interest at the time aforesaid, should be void. The notes when produced, with evidence to identify them, did not bear interest; but the mortgagees exacted payment of interest, amounting to $2700; and the action at law was brought to recover back the amount so paid.

The present plaintiffs seek by this bill in equity to restrain the prosecution of that action, and allege that, by the understanding of the parties, the interest was to be paid as recited in the mortgage, and that the notes, through the fraud of one of the defendants, and through mistake and accident on their own part, were given and accepted without bearing interest; and the bill in equity rests on the ground that the plaintiffs cannot be allowed to show these facts in defence of the action at law, and that it has already been held by this court " that said notes could be alone looked to, to ascertain what the mortgage debt was," so that the plaintiffs are remediless in a court of law.

If this were so, there would be no doubt that the bill in equity ought to be sustained. But, upon a full consideration, we are of opinion that the powers of a court of law are not so restricted. Where two papers are executed at the same time, relating to the same contract or transaction, both may be looked at for the purpose of showing what the actual contract or transaction was. If, on examination, it appears that they are in some respects inconsistent, as, for example, if a contract is executed in duplicate, and the two parts which ought to be alike are found to be different, or if a mortgage does not correspond with the note which it was intended to secure, it is apparent that the inconsistency must have occurred through some mistake or accident. It certainly is not to be supposed that the parties have understandingly intended to execute and deliver, as parts of the same transaction, papers which are inconsistent with themselves; and if it appears that they have done so, it is natural and reasonable

to infer that one of the papers was so executed and delivered by mistake. In such case, it not being apparent on the face of the papers which one expresses the real intention and agreement of the parties, there is no good reason why extrinsic evidence should not be received in a court of law to show the fact. Each paper may be put in evidence, as an admission or declaration of whatever is therein contained. An argument may also be drawn from the circumstances of any particular case, that one of the papers would be more likely to express the true meaning of the parties than the other. But there is no legal presumption to that effect. There being, then, two inconsistent writings, both admissible as evidence of the transaction to which both relate, and there being no legal presumption in favor of either, but it being a question of fact which correctly represents the agreement of the parties, we should be slow to admit that a court of law, encountering such a state of facts, would be powerless to deal with it, and unable to consider other evidence to show which paper was delivered understandingly, and which through mistake. On the contrary, we are of opinion that, on the trial of the action at law, it would be entirely competent for the present defendants, on the one hand, to show by extrinsic evidence that the notes expressed the real understanding and agreement of the parties; or for the present plaintiffs, on the other hand, to show in like manner that the mortgage expressed such understanding and agreement.

The decision of this court, when the action at law was before it on exceptions, was entirely consistent with this view. The presiding judge at the trial had ruled, as matter of law, that, by the terms of the mortgage, the debt secured thereby was $30,000 and interest; and that it was not competent for the present defendants to prove that the notes constituted the entire mortgage debt, and that no other debt or claim existed or was intended to be secured than the notes without interest, and that the present plaintiffs had no right or claim to recover interest upon the notes, or in any way. This ruling was reversed by this court; and it was held that the mortgage was not conclusive as to the amount of the mortgage debt, that the notes might also be looked at, and that it might be shown by evidence that they expressed the true amount of indebtedness. That decision does

not hold, and does not imply, that it would not be competent for the present plaintiffs to meet that evidence by showing that in fact the mortgage expressed the true amount of indebtedness. There is no intimation that the notes are the exclusive evidence for this purpose. *Hampden Cotton Mills* v. *Payson,* 130 Mass. 88.

Nor is there anything in former decisions of this court which upholds that view. It has indeed often been held, in this State and elsewhere, that, where there is some lack of conformity between a mortgage and the note which it was intended to secure, parol evidence is admissible to identify the note. *Goddard* v. *Sawyer,* 9 Allen, 78, 80. *Baxter* v. *McIntire,* 13 Gray, 168. *Hough* v. *Bailey,* 32 Conn. 288. So, on the other hand, it has been held that a mortgage is *prima facie* evidence of the existence of a debt corresponding with that described therein, and that the note is not the only evidence of the debt secured. *Smith* v. *Johns,* 3 Gray, 517. So where a mortgage was given to secure two notes " for the sum of five hundred dollars," and the notes, being produced and identified, were for five hundred dollars each, it was held that it might be shown by the notes and other evidence that they correctly represented the indebtedness secured by the mortgage. *Crafts* v. *Crafts,* 13 Gray, 360. So where a person had guaranteed a note for $256, and took for his indemnity a mortgage which erroneously described the note as for $236, and his title as mortgagee was questioned by an attaching officer, on the ground that the mortgage was either fraudulent at the outset or had been discharged, it was held competent for him to produce the note, with evidence of its identity as the liability intended to be secured, for the purpose of showing that there was a real liability which had not been extinguished. It was entirely immaterial to ascertain whether the amount due was $236 or $256. The holder of the note was no party to the action. *Johns* v. *Church,* 12 Pick. 557. So in a case where there was no inconsistency between the phraseology of the note and mortgage, it was held that the legal incident of three days' grace which attached to the note should be assumed to have been contemplated by the parties as incident to the mortgage debt, and that therefore a writ of entry to foreclose the mortgage for breach of condition could not properly be

brought till after the expiration of the days of grace; and that in such case, there being but one promise to pay money, and there being no doubt as to the phraseology in which that promise was expressed, the note was the legitimate evidence of the promise. *Coffin* v. *Loring*, 5 Allen, 153. There is nothing in any of these cases to show, or to imply, that the note will, as matter of law, be deemed to be the exclusive evidence of the mortgage debt, in a case where the note and mortgage are partially inconsistent with each other. In such case, there is no legal presumption one way or the other, but the question is to be determined as a matter of fact.

In this view of the law, it was not necessary for the present plaintiffs to resort to a bill in equity for the purpose of vindicating their rights. They might safely have gone to trial again, in the action at law, and have introduced the same evidence which was introduced on the hearing of the present bill, to show that the mortgage, and not the notes, expressed the true contract between the parties; and, if such were found to be the fact, the present plaintiffs would have maintained their defence, and have been entitled to judgment.

The question remains, whether in this state of things the present bill should be entertained. We do not doubt that jurisdiction in equity exists to grant relief on the ground of fraud. But, ordinarily, if an action is brought upon any contract or evidence of indebtedness which has been obtained by fraud, whether it be a foreign judgment, a policy of insurance, or a promissory note, the defendant can make his defence at law, and there is no occasion for him to resort to a bill in equity to restrain the prosecution of the action; and such bill, if brought, will be dismissed. If no action has been brought, and if, from lapse of time, evidence is likely to disappear, or if the cause of action is liable to be transferred to some one else, or if, for any other reason, the party who is liable to be sued, or who has been sued, cannot in an action at law present his defence as fully and effectually as he could in a court of equity, and if such disability has been brought about by any fraud, the case will stand on a different ground. Where by accident, or mistake, or fraud, or otherwise, a party has an unfair advantage in proceedings in a court of law, which must necessarily make that court an

instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will interfere and restrain him from using the advantage which he has thus improperly gained. 2 Story Eq. Jur. § 885. But, on the other hand, where there is no danger of injury from lapse of time, and where the case can be as fully and fairly tried at law, there is no occasion to seek the assistance of a court of equity; and, in general, a bill should not be entertained which will have the effect to transfer the trial of the cause from a court of law to a court of equity.

In a recent case before the English Court of Appeal in Chancery, the defendant in an action at law had pleaded a receipt in full given by the plaintiff; and the plaintiff, not feeling bound thereby, under the circumstances attending the signing of the receipt, brought a bill in equity to restrain the defendant from relying on that plea, averring that he was advised that the plea was a complete defence at law. The bill was dismissed, Sir G. Mellish, L. J., saying in his opinion: "I am of opinion that, if he received such advice, it was wrong advice, and that, if the circumstances stated in his bill are correct, he had a full and complete answer at law to this plea; and it appears to me that the supposition that it is necessary to come into a court of equity for the purpose of setting aside the plea is founded on a total mistake as to what is the effect at law of signing a receipt." *Lee* v. *Lancashire & Yorkshire Railway*, L. R. 6 Ch. 527, 533. In other recent cases in England, in Ireland, and in this country, where there has appeared to be a good defence to an action at law, either on the ground of fraud or otherwise, and the defendant in such action has brought a bill in equity to restrain its prosecution, the Court of Chancery, while asserting its complete jurisdiction, has declined to exercise it, on the ground that perfect justice could be done at law. *Ochsenbein* v. *Papelier*, L. R. 8 Ch. 695. *Kemp* v. *Tucker*, L. R. 8 Ch. 369. *Hoare* v. *Bremridge*, L. R. 8 Ch. 22; *S. C.* L. R. 14 Eq. 522, before the Vice Chancellor. *Johnston* v. *Young*, I. R. 10 Eq. 403. *Life Association* v. *M'Blain*, I. R. 9 Eq. 176. *Insurance Co.* v. *Bailey*, 13 Wall. 616. This court has not heretofore had occasion to deal with a state of facts exactly like those now presented; but it has never been inclined to exercise jurisdiction in equity to

restrain the prosecution of an action, when the defence to it could be made as well at law as in equity. *Fuller* v. *Cadwell*, 6 Allen, 503. *McBride* v. *Little*, 115 Mass. 308. *Jones* v. *Newhall*, 115 Mass. 244, 252. *Anthony* v. *Valentine*, 130 Mass. 119.

In the present case, there was a trial in the Superior Court before this bill in equity was brought; and the answer to the bill sets up, as a ground of defence, that the bill shows no ground for equitable relief, and that all the facts set out therein can be proved by parol in the action at law, and constitute a good defence thereto. This defence was thus taken seasonably. Being satisfied, for the reasons stated, that there is no occasion to transfer the trial of the cause from the court of law, the bill must be *Dismissed, without prejudice.*

*J. C. Ropes & E. M. Parker*, for the plaintiffs.

*G. M. Stearns*, for the defendants.