### THOMSON v. BEAL.

*(Circuit Court, D. Massachusetts. January 14, 1892.)*

EVIDENCE—WRITTEN CONTRACT—CONTEMPORANEOUS WRITING.

A person depositing money in a bank accepted from the cashier a certificate of deposit, which made no mention of interest, but with a verbal agreement that interest should be paid. The cashier at the same time indorsed a memorandum of the rate of interest on the stub from which the certificate was taken. *Held*, that the stub should be read with the certificate, as evidence of the entire contract.

In Equity. Suit by Elihu Thomson against Thomas P. Beal, as receiver of the Maverick National Bank, to recover interest on a certificate of deposit. Heard on demurrer to the complaint. Overruled.

*Simon Davis,* for complainant.

*Hutchins & Wheeler,* for defendant.

COLT, J. This demurrer raises the question whether the defendant shall pay the complainant interest upon a certain certificate of deposit. From the allegations in the bill, it appears that the complainant, on September 16, 1886, deposited in the Maverick National Bank, of which the defendant is receiver, the sum of $4,800, and received a certificate of deposit as follows:

MAVERICK NATIONAL BANK.

$4,800.00. BOSTON, Sept. 16, 1886.

Elihu Thomson has deposited in this bank forty-eight hundred dollars, payable to the order of himself on return of this certificate properly indorsed.

A. C. JORDAN, Teller. E. H. LOWELL, Asst. Cashier.

No. 33,455.

At the time of the deposit and receipt of the certificate, the cashier agreed verbally to pay the complainant interest at the rate of 2½ per cent. per annum upon the return of the certificate properly indorsed, and at the same time the cashier made a memorandum of the agreement on the stub or margin of the book from which the certificate was taken, as follows:

$4,800.00.

Date, Sept. 16, 1886.

Deposited by Elihu Thomson.

Order of

2½%. No. 33,455.

The general legal proposition advanced by the defendant in support of the demurrer, that parol evidence cannot be introduced to contradict or vary the terms of a written agreement, is well settled, and requires no citation of authority.

But the question here presented is whether the certificate of deposit, which does not in express terms mention any interest, is to be considered as alone representing the entire contract in writing, or whether such certificate should not be taken in connection with the written memorandum made at the time on the stub of the bank's book from which the certificate was taken. In taking both writings together as constituting one contract, we are not seeking to add to or vary the terms of a written

contract by parol evidence, but we are simply seeking to discover what the contract actually was, as exhibited in writing made at the time. I understand the rule to be that all contemporaneous writings relating to the same subject-matter, while the controversy exists between the original parties or their representatives, are admissible as evidence, and that extrinsic evidence is admissible to show which paper expresses the real intention and agreement of the parties. *Payson* v. *Lamson*, 134 Mass. 593; *Hunt* v. *Livermore*, 5 Pick. 395. The defendant argues that the writing on the stub was a mere private memorandum made by the cashier for his own convenience. There is no allegation in the bill to this effect. The bill alleges that, at the time the certificate was given, "said cashier made a memorandum thereof by making, or causing to be made, the figures 2½ per cent. on the stub or margin of the book from which said certificate was taken." In a certain sense, the stub and the certificate cut from it may be said to constitute but one writing; at all events, in my opinion, both may be consulted in order to ascertain what was the real contract between the parties. Demurrer overruled.