## CITY OF WORCESTER *vs.* LAKESIDE MANUFACTURING COMPANY.

Worcester.    October 2, 1899. — October 17, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Equity Practice — Right of Petitioner for Assessment of Damages to discontinue during Hearing before Commissioners — Exercise of Discretion of Judge — Abatement — Law and Equity.*

The object of St. 1893, c. 61, requiring the judge by whom a decree in an equity suit is made to report, upon request after an appeal, the facts found by him, is to secure to parties as a right that which previously had been accorded them as a matter of discretion by the justices of this court; and such a report is not a new and additional proceeding in the case after it has reached its ordinary termination in the entry of a final decree, but is in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for a hearing on the appeal.

A petition to the Superior Court for an assessment of damages for the taking of the petitioner's property by a city cannot be discontinued by him while the hearing is going on before commissioners appointed by that court.

Where a petition to the Superior Court for an assessment of damages for the taking of the petitioner's property by a city has been partially heard before commissioners appointed by that court, the petitioner is not entitled to invoke the exercise of the discretion of the court, in order that the petition may be discontinued upon his motion, so that a new petition filed by him may refer to the proceedings before referees, who have made an award upon a submission, by the terms of which the award is to be "final and conclusive and binding upon all parties," the award having been accepted by the parties, and the amount of it paid by the city.

The pendency of a petition for an assessment of damages for the taking of property by a city is a good ground for a plea in abatement to a second petition by the same person for a similar purpose.

A court of equity will not enjoin an action at law where the matter relied upon as a ground for injunction can be set up as effectually in such action.

BILL IN EQUITY, filed June 3, 1898, in the Superior Court, to restrain the defendant from prosecuting a petition filed May 23, 1898, for an assessment of damages for the taking by the plaintiff, under St. 1895, c. 384, of certain property of the defendant. Hearing before *Gaskill*, J., who entered a decree for the plaintiff; and, the defendant having appealed therefrom, reported the case for the determination of this court. The facts appear in the opinion.

*C. M. Rice,* (*H. W. King* with him,) for the defendant.

*W. S. B. Hopkins & A. P. Rugg,* (*E. I. Morgan* with them,) for the plaintiff.

KNOWLTON, J.  In this case there is a decree for the plaintiff, an appeal, and a report of facts under St. 1883, c. 223, § 7, as amended by St. 1893, c. 61.   The report in some parts indicates that the exact nature and object of such a report was not carefully considered by the person who drew it.   It sets out the decree in full, and concludes with the words: " I report the case on the exceptions and appeal for the determination of the Supreme Judicial Court."   The object of the statute is to secure to parties as a right that which previously had been accorded them as matter of discretion by the justices of this court.   See *Wright* v. *Wright,* 13 Allen, 207, 209 ; *Slack* v. *Slack,* 123 Mass. 443, 445; *McFeely* v. *Scott,* 128 Mass. 16, 19 ; *Boston Music Hall Association* v. *Cory,* 129 Mass. 435 ; *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456.   After the formal entry of a final decree, as distinguished from the entry of an order for a decree, the record, upon request, is to be perfected, so that all questions of law may be presented on an appeal.   Such a report is not a new and additional proceeding in the case after it has reached its ordinary termination in the entry of a final decree, but is in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for a hearing on the appeal.

The first question presented is whether the defendant corporation, which was the petitioner before the Superior Court for an assessment of damages for the taking of its property by the city of Worcester, could discontinue its suit while the hearing was going on before commissioners appointed by that court.   The respondent city objected to the discontinuance, and insisted that the rights of the parties should be determined in that proceeding. Before the paper declaring the discontinuance was filed, the commissioners had viewed the property taken from the petitioner, and had spent five days in hearing evidence about seventy similar petitions, which, with the petition in question, .were being heard together.   Although that part of the hearing was more directly upon other petitions, it was agreed that so

much of the evidence offered by the other petitioners as was applicable to this case should be taken to be applied thereto. Testimony of two witnesses had been taken which was directly applicable to this case.

Under what circumstances a plaintiff may become non-suit as of right in an action at law, or may discontinue in a suit in equity, has been very fully considered by this court in the recent cases of *Derick* v. *Taylor*, 171 Mass. 444, and *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450. In an action at law he cannot become non-suit as of right after a trial has begun, and he cannot discontinue in equity after a decree or ðther proceeding whereby the defendant's situation has been materially changed, so that he has acquired rights which did not exist or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the case. The original petition by the present defendant is a proceeding at law under St. 1871, c. 361, § 3, which was made applicable to this last taking by St. 1895, c. 384, § 2. The rule in regard to voluntary non-suits which previously prevailed in actions at common law should be applied to this case. *Fall River Railroad* v. *Chase*, 125 Mass. 483. Commissioners had been appointed and the trial for determining the amount of damages had begun. The petitioner could not then subject the respondent to the expense and annoyance of a second suit by filing a discontinuance of the case. *Shaw* v. *Boland*, 15 Gray, 571. *Sandford* v. *Wright*, 164 Mass. 85, 87.

The defendant contends that if it could not discontinue as of absolute right, the court may treat the paper filed as in substance a motion to discontinue, or may now allow such a motion to be filed as of that date, and may in its discretion authorize a discontinuance. But we see no good ground for this contention. The reason assigned for the desire to discontinue is that the new petition may refer to the proceedings before referees who made an award upon a submission *in pais*, determining all damages from the taking except the damages incidental to the use and value of the water of the brook for purposes of power. By the terms of the submission the award was to be "final and conclusive and binding upon all parties." The award was accepted by

the parties, and under it the city of Worcester paid to the present defendant the full amount awarded, namely, $58,033.33.

This award was a final adjudication between the parties of all matters included in the submission. Even if the determination of the referees were wrong, — we think it was not, — the power of the commissioners, acting under the appointment of the court, could not be enlarged to include elements of damage not covered by the petition under which they were appointed; nor, if proceedings under the first petition were discontinued, could the present defendant properly include in a new petition any elements of damage which were submitted to the referees for their determination. There is no reason for the exercise of discretion in favor of the petitioners to allow the modification of the petition so as to include in it any elements of damage which were included in the submission to the referees.

To the second petition filed by the present defendant the city filed a plea in abatement, setting up the pendency of the former petition. The plaintiff also now contends that when one has once filed a petition in a case of this kind he has exhausted his remedy, so that, whatever may be the disposition of that petition, he cannot file a second. Without determining whether this contention is correct, we are of opinion that the present case falls within the ordinary rule that the pendency of a prior suit between the same parties for the same cause of action is a good ground of abatement. *Buffum* v. *Tilton*, 17 Pick. 510. *Sandford* v. *Wright*, 164 Mass. 85, 87. The present plaintiff, therefore, has at law a perfect answer to the plaintiff's last petition upon its plea in abatement, and does not need relief in equity. It is a familiar rule that a court of equity will not enjoin a suit at law where the matter relied upon as a ground for injunction can be set up as effectually in the action at law. *Fuller* v. *Cadwell*, 6 Allen, 503. *McBride* v. *Little*, 115 Mass. 308. For this reason the entry must be,

*Bill dismissed.*