EARL CARPENTER AND SONS COMPANY *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

GORHAM MANUFACTURING COMPANY *vs.* SAME.

Suffolk.    January 26, 1903. — September 1, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil.*

A plaintiff has a right to become nonsuit when a hearing before an auditor has been finished but the auditor's report has not been filed.

TWO ACTIONS OF CONTRACT OR TORT, under St. R. I. June 20, 1836, § 2, for damage to property of the respective plaintiffs at Providence in the State of Rhode Island by fire alleged to have been communicated from engines of the defendant. Writ dated September 18, 1899.

In the Superior Court on June 19, 1901, on motion of the defendant both cases were referred to Henry S. Dewey, Esquire, as auditor. Both parties agreed to his appointment. Hearings were had before the auditor, extending over a period of about six months. Evidence was introduced by both sides on all questions involved in the cases, and the defendant incurred an expense

exceeding $200 in bringing witnesses from Rhode Island to testify.

On January 25, 1902, the hearings were completed and the cases were argued by counsel before the auditor. On April 8, 1902, before the auditor had filed his reports, the plaintiff in each case filed a motion to become nonsuit. On October 16, 1902, the auditor filed his reports, finding for the defendant in both cases. On November 24, 1902, the plaintiffs' motions were heard by *Braley*, J., who ruled, against the objection of the defendant, that as a matter of law no trial had been begun within the meaning of the rule as to the right to become nonsuit at any time before trial, and that the plaintiff in each case had an absolute right to become nonsuit, and so ordered. He stayed all proceedings, and reported the cases for determination by this court.

The cases were argued at the bar in January, 1903, before *Knowlton*, C. J., *Morton, Hammond, Loring, & Braley*, JJ., and afterwards were submitted on briefs to all the justices.

*R. F. Herrick*, for the plaintiffs.

*L. R. Eastman, Jr.*, for the defendant.

LORING, J. It has always been a recognized principle of the English law, on the equity as well as on the common law side of the court, that a plaintiff is not bound to prosecute a suit or action to a finish because he has begun it. But on the contrary he is at liberty to abandon it without losing the right of action on which it is founded, and he can enforce that right subsequently on paying the costs of the former proceeding. In this respect a plaintiff is more fortunate than a defendant who has a day in court to interpose his defence if he would not have final judgment given against him.

What is not so clear is how far the plaintiff's proceeding (whether it be a suit in equity or an action on the common law side of the court) must have gone for it to have reached the stage where this right of abandonment is lost.

In England the plaintiff originally had a right to abandon an action at law and become nonsuit at any time before verdict, if not before judgment. *Derick* v. *Taylor*, 171 Mass. 444, 445. That it was before verdict and not before judgment is laid down in *Outhwaite* v. *Hudson*, 7 Exch. 380, 381; 2 Tidd's Practice,

(3d Am. ed.) 867.   This rule was adopted here by an ordinance of the Colony in 1641 ; Anc. Chart. 46 ; and in *Locke* v. *Wood*, 16 Mass. 317, it was contended by Webster and Shaw in 1820 that that was the rule of practice of the Commonwealth and that the plaintiff had a right to become nonsuit at any time before judgment.   But the court "were of opinion that there was no such right ; and that, after a cause is opened to the jury, and begun to be proceeded in before them, the parties are entitled to a verdict, unless the court should, in its discretion, allow a nonsuit or discontinuance."   Since then it has been held or said to be the rule that a plaintiff can become nonsuit as of right at any time before the trial has begun but not afterwards. *Means* v. *Welles*, 12 Met. 356, 361.   *Lowell* v. *Merrimack Manuf. Co.* 11 Gray, 382.   *Shaw* v. *Boland*, 15 Gray, 571.   *Truro* v. *Atkins*, 122 Mass. 418.   *Burbank* v. *Woodward*, 124 Mass. 357. *Kempton* v. *Burgess*, 136 Mass. 192.   *Derick* v. *Taylor*, 171 Mass. 444.   *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299.   See also the previous case of *Haskell* v. *Whitney*, 12 Mass. 47.

The reason for denying in this Commonwealth the rule of the English common law was the injustice done to the defendant, who was subjected to being harassed a second time on one and the same cause of action on receiving costs, which in this Commonwealth are nominal.   In that respect the burden of being subject to a second action is much greater here than in England, where costs are substantial.   But the common law rule has now been abolished in England.   By Order XXVI. of the Rules of the Supreme Court, 1883, adopted under the judicature act, it is provided that "the plaintiff may, at any time before receipt of the defendant's defence, or after the receipt thereof before taking any other proceeding in the action (save any interlocutory application), by notice in writing" discontinue the action.   Wilson's Practice of the Supreme Court of Judicature, (7th ed.) 234.

The Massachusetts rule as to when a plaintiff could become nonsuit in a common law action was established when substantially, if not absolutely, all such cases were tried to a jury.   No question could arise as to what the rule was when applied to cases tried by the court, as so many cases are now tried since Sts. 1874, c. 248, § 1 ; 1875, c. 212, § 1 ; 1894, c. 357, now R. L.

c. 173, § 56, directing all cases to be tried by the court unless a trial by jury is claimed by one of the parties.   Until the case is opened the right to become nonsuit exists.

A question did arise as to the application of the rule in case of a preliminary trial before commissioners in case of a petition to recover compensation for property taken under the right of eminent domain.   It was held that when the hearing before the commissioners was begun the right to become nonsuit was lost. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299.

The case at bar presents the question whether the right is lost when a hearing before an auditor has been finished but before the auditor's report is filed.

The cases relied on at the bar are not decisive of the point. It was held on the one hand in *Haskell* v. *Whitney*, 12 Mass. 47, that after an action has been sent to arbitrators under an agreement of submission voluntarily entered into, the plaintiff cannot become nonsuit even before a hearing before the arbitrators has begun.   But that is a decision that when the action has by agreement of the parties been sent to arbitrators it ceases to be an action at law and becomes a submission to arbitration and a party to a submission has no right to become nonsuit. On the other hand it was held in *Stone* v. *Sargent*, 129 Mass. 503, that a case could be removed to a court of the United States, on the ground of prejudice, after an auditor's report had been filed.   But the statute under which the removal in that case was allowed provided that the suit might be removed " before the final hearing or trial of such suit."   See U. S. St. March 2, 1867, c. 196.   As re-enacted in U. S. Rev. Sts. § 639, cl. 3, it provides that the case may be removed " before the trial or final hearing of the suit."   It is settled that the trial referred to is the final trial.   *Hess* v. *Reynolds*, 113 U. S. 73.   *Baltimore & Ohio Railroad* v. *Bates*, 119 U. S. 464.·   This was the law in 1879, when the petition for removal in *Stone* v. *Sargent* was filed, and continued to be the rule until 1887, when U. S. St. March 3, 1887, c. 373, (24 U. S. Sts. at Large, 552,) corrected by U. S. St. August 13, 1888, c. 866, (25 U. S. Sts. at Large, 433,) was enacted, adopting, for removal for local prejudice, the rule as to removal by reason of diverse citizenship alone, to wit, " before any trial."

Were the question now before us a question of first impression depending entirely on the advantages and disadvantages to the plaintiff and the defendant respectively, it is by no means clear that it ought not to be held to be too late for a plaintiff to become nonsuit when an order had been made sending the case to an auditor. A hearing before an auditor is not now, as it was, a preliminary investigation of complicated accounts and nothing more. The rule laid down in *Whitwell* v. *Willard*, 1 Met. 216, was altered by St. 1856, c. 202, now R. L. c. 165, § 55. Although this rule was altered so long ago, it was not until lately that the practice as to what cases should be sent to an auditor was changed. It has become the practice now, however, (owing to the overcrowding of the dockets,) to send to auditors cases involving a long investigation, no matter what the kind of investigation may be. The result is that an auditor's hearing is now a different thing from what it was. Not only that, but this change has been recognized by the Legislature. St. 1900, c. 418, (R. L. c. 165, § 59 ; c. 173, § 81,) provides that the court may set a day for the "trial" before the auditor, and upon such order being made the trial shall proceed from day to day until it is concluded; that the actual engagement of counsel in a hearing before an auditor shall be an excuse in another cause as if he were engaged in court, and each party is required to proceed before the auditor at the time appointed and "to produce in good faith, the testimony relied upon by him."

But in spite of the character which auditors' hearings have now assumed, it is still true that such hearings result in evidence merely and cannot result in an adjudication; and we are of opinion that a hearing which results in evidence and cannot *per se* result in an adjudication is not a trial within the rule which has now been laid down for over eighty years, namely, that a plaintiff can become nonsuit at any time before the trial begins and not afterward. Moreover this seems to have been assumed by the Legislature in this very statute, St. 1900, c. 418 (R. L. c. 165, § 59, and c. 173, § 81). It is there provided that if the plaintiff does not comply with the provisions of the act and attend before the auditor, or if he refuses in good faith to put in the testimony relied on by him, the court is authorized to direct

him to become nonsuit. In making that provision it is assumed that the court has no power to enter judgment for the defendant at that stage of the proceeding.

Under these circumstances, we do not feel at liberty to dispose of the question on its merits. If, under the practice which now obtains, the rule, which we feel we are bound by, does injustice to defendants, the remedy is with the Legislature.

*Entry of nonsuit to stand.*