BOSTON AND MAINE RAILROAD *vs.* JAYME M. D'ALMEIDA, administrator, & others.

Middlesex.    March 17, 1915. — May 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To enjoin enforcement of execution. *Execution. Joint Tortfeasors.*

If, after the trial together of separate actions, one by an administrator against the employer of his intestate for the intestate's conscious suffering and death and the other against a railroad company for causing the death of the intestate, verdicts are rendered, judgments are entered and executions are issued for the plaintiff in both actions, the judgment in the action against the railroad company being for the larger amount, and the execution against the employer is paid in full and that against the railroad company is returned to court with an indorsement thereon stating the payment of a part of the amount by the railroad company and the payment of the other execution; and if thereafter an alias execution is issued for the balance still unpaid of the execution against the railroad company when by reason of the circumstances as a matter of law no further execution should have issued, the railroad company cannot maintain a suit in equity to enjoin the enforcement of the alias execution, but its remedy is to bring forward the original action against it and to move to set aside the alias execution for irregularity.

BILL IN EQUITY, filed in the Superior Court on January 26, 1915, seeking to enjoin the defendant administrator from enforcing an alias execution issued against the plaintiff under the circumstances described in the opinion.

The defendant demurred to the bill for want of equity. The demurrer was heard by *Brown*, J., and was sustained, and a decree was entered dismissing the bill with costs. The plaintiff appealed.

*F. N. Wier*, (*J. M. O'Donoghue* with him,) for the plaintiff.

*S. E. Qua*, (*F. W. Qua* with him,) for the defendants.

LORING, J. This is an appeal from a final decree dismissing a bill of complaint brought by the Boston and Maine Railroad to enjoin Jayme M. D'Almeida and his attorneys from enforcing an alias execution for the uncollected balance of a judgment in favor of D'Almeida, entered on the verdict for $6,300 recovered by him in *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81.

It appears from the bill of complaint that after the rescript sent by this court pursuant to the opinion in *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, the plaintiff in that case received $3,671.08 from the Boott Mills apart from the fees of the deputy sheriff; that he indorsed upon the execution taken out in *D'Almeida* v. *Boston & Maine Railroad* that he had received from that defendant $3,092.49. The plaintiff's attorneys made this further indorsement on that execution: "Having received from the Boott Mills the full amount of the judgment against it in No. 17649, Jayme M. d'Almeida, adm'r vs. Boott Mills, and being of opinion that, in view of the opinion of the Supreme Judicial Court in these cases, we are not authorized to proceed further in the collection of this execution, we hereby return the same to Court." Doubtless this action of the plaintiff's attorneys was taken by reason of the statement in *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 87, that the plaintiff "could have but one satisfaction in damages."

On November 13, 1914, the plaintiff's attorneys in the original action of *D'Almeida* v. *Boston & Maine Railroad* took out an alias execution and it is alleged in the bill of complaint now before us that they intend to collect under this alias execution the unpaid balance of the judgment entered on the verdict for $6,300 in the case of *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81. We assume that this alias execution was taken out in consequence

of the statement in *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582, 592, namely, that whether there could be more than one satisfaction in damages was not before the court for decision in *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, and that if the statement that there could be but one satisfaction in damages is inconsistent with the reasoning of the opinion in the later case, "to that extent it is not followed."

The bill now before us is based on two grounds: First, on the ground that the statement in *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 87, (namely, that there could be "but one satisfaction in damages,") was correct; and secondly, on the ground that whether it be correct or not, the original case of *D'Almeida* v. *Boston & Maine Railroad* was tried together with the case against the Boott Mills on the basis that there could be but one satisfaction in damages, and that the attorneys for D'Almeida assented to that proposition and argued that to the jury in connection with the amount of the penalties which they should find had been incurred by the two defendants, namely, the Boston and Maine Railroad and the Boott Mills.

One of the grounds on which the defendant has insisted that the decree dismissing the plaintiff's bill was correct is that the remedy of the Boston and Maine Railroad, even if it is correct in its contentions stated above or in either of them, is not by a separate bill in equity. In that connection the defendant relies on *Fuller* v. *Cadwell*, 6 Allen, 503, *McBride* v. *Little*, 115 Mass. 308, 310, *Spaulding* v. *Backus*, 122 Mass. 553, 554, *Payson* v. *Lamson*, 134 Mass. 593, 599, *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 302, *Amherst College* v. *Allen*, 165 Mass. 178.

Where a party threatens to seize under an execution land which is not subject to be seized under the execution, a bill in equity can be maintained to prevent a cloud being created upon the title to that land. That was the case in the two decisions relied upon by the plaintiff, *O'Hare* v. *Downing*, 130 Mass. 16, and *Stevens* v. *Mulligan*, 167 Mass. 84. In those cases there was no question as to the executions having been properly issued. The objection in each of those cases was that the party taking it out was undertaking to use it in a way in which he had no right to use it, and in a way which would create a cloud on the plaintiff's title to his land. That is a matter which the court issuing the execution

could not deal with, and constituted ground for relief in a court of equity. But in the case at bar the question is not the question of an improper use of an execution properly issued. The question in the case at bar is whether under the circumstances stated in the bill of complaint an alias execution ought to issue at all. That is a question for the court in which the judgment was rendered on which the alias execution is or is not to issue. That question is a question of law to be determined by the court of law which issues the execution. There is no ground (in such a case) for interference by an independent court of equity. We say that there is no ground for interference by an independent court of equity because if this bill in equity is well brought in the Superior Court it would have been well brought in the Supreme Judicial Court.

In the case at bar the execution has in fact issued. If the Boston and Maine Railroad is correct in its contention that no alias execution ought to issue under the circumstances stated in the bill of complaint now before us, its remedy is to file a motion to bring forward the original action (in which the judgment was rendered on which the alias execution in question has been issued) and to move to set aside for irregularity the execution which in fact has been issued. Of the right of the court to entertain such a motion there can be no question. See for example Barker, J., in *Chesebro* v. *Barme*, 163 Mass. 79, 81, where he says: "The general principle is, that, when the judgment is recovered in a court having jurisdiction, and the execution is issued by the proper officer, irregularities, either in the mode of issuing it or in the document itself do not make it void; and that it may be dealt with by the court upon motion of either party, and amended or annulled as justice may require." To the same effect see 2 Tidd's Pract. (4th ed.) 1032, 489, 513, 994 and 1145.

All the matters which are made the basis of this bill in equity are matters which could be made the foundation of a motion by the Boston and Maine Railroad to set aside the execution against it which has been taken out by the attorneys for D'Almeida.

We do not see how this separate suit in equity can be amended into a motion in the original action at law. The decree dismissing the bill should be without prejudice; and so modified it should be affirmed. It is

*So ordered.*