## FLEMING v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York. January 22, 1926.)

1. **Internal revenue** �köö9—Federal court receiver is not "officer or employee" of United States, whose earnings are tax-exempt (Revenue Act, Oct. 3, 1917, § 201[a] being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b).

Though federal court receiver is officer of court appointing him, he is not "officer or employee" of United States, whose earnings are exempt from taxation under Revenue Act Oct. 3, 1917, § 201(a), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b, "officers or employees" being persons holding offices that are public stations, conferred by appointment of government and embracing idea of tenure, duration, emolument, and duties fixed by law, and Regulation 45 (1920) art. 85, exempting state receivers from taxation, is not applicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. **Internal revenue** ⊚⇒1—Fees of federal court receiver are subject to such tax as Congress may declare.

As respects taxing power of United States, fees of federal court receiver are subject to such tax as Congress may declare.

3. **Internal revenue** ⊚⇒9—Duties of federal receiver in connection with receivership may constitute "trade" or "business," within statute relating to exemption from excess profits tax, if they prevent him from engaging in other activities; otherwise not (Revenue Act Oct. 3, 1917, § 200 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜a]).

If duties of receivership prevent federal receiver from engaging in his usual occupation, receivership may constitute his "trade" or "business," within Revenue Act Oct. 3, 1917, § 200 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜a); but, if such duties require but a small portion of his time, and are mere incident to practice of his profession, receivership does not constitute his business, and fees received therefore are not subject to excess profits tax.

4. **Pleading** ⊚⇒345(1)—Whether duties of federal receiver constitute "trade" or "business," within statute, so as to exempt his earnings from excess profits tax, is question of fact, which cannot be decided on motion for judgment on pleadings (Revenue Act Oct. 3, 1917, § 200 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜a]).

Whether duties of federal receiver in connection with receivership are such as to make them a "trade" or "business," within Revenue Act Oct. 3, 1917, § 200 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜a), is question of fact, which cannot be decided on motion for judgment on pleadings.

At Law. Action by Henry S. Fleming against Frank K. Bowers, Collector of Internal Revenue for the Second District of New York. On motion for judgment on the pleadings. Motion denied.

Shearman & Sterling, of New York City, for plaintiff.

KNOX, District Judge. [1] While it is true that a federal court receiver, appointed to take charge of the assets of a corporation against which a creditors' bill has been filed, is an officer of the court that appointed him, I have no idea that he is, in the sense of the exception contained in subdivision (a) of section 201 of the Revenue Act of October 3, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b), an officer or employee of the United States. The officers and employees, to whom reference is there made, are those persons who hold offices that are public stations conferred by the appointment of government, and which embrace the idea of tenure, duration, emolument, and duties fixed by law. Metcalf & Eddy v. Mitchell, 46 S. Ct. 172, 70 L. Ed. ——, decided by the Supreme Court January 11, 1926. The office of receiver of the assets of a person or corporation, within the administrative jurisdiction of a federal court, under a creditors' bill, has about it few, if any, of the incidents of

public office, as that term is commonly understood. The period during which a receiver shall act as such is not fixed; he is entitled to no definite compensation, and, except as he may be required to obey laws applicable alike to himself and other persons, he is not answerable to the government.

Courts, of course, are an instrumentality of the sovereignty under which they function, but it does not follow that every person who is called upon by the court to aid in the performance of its duties thereby becomes an officer or employee of the sovereign that created the court. An attorney at law is rightfully said to be an officer of the court in which he is duly admitted to practice. But he is not, for such reason, a governmental officer or employee. Nor does he become such if the court appoints him to act as a master to hear testimony and report to the court, or assigns him to defend an impecunious person charged with an offense against the government. In such appointments, as well as in the appointment of a receiver in a case such as that in which plaintiff acted, the court merely calls to its assistance, in the performance of its duties, a person who is considered competent to further the ends and purposes of the judicial establishment, and no change in the attorney's previous status, as respects the government, is brought about.

Article 85 of Regulation 45 (1920 Edition), to the effect that the provisions of section 201 (a) of the Revenue Act of 1917, shall not be applicable to "compensation paid its officers and employees by a state or political subdivision thereof, including fees received by notaries public commissioned by states and the commissions of receivers appointed by state courts, is not taxable," has no bearing upon the taxability of the fees received by plaintiff for services rendered as a receiver under appointment of this court.

[2] As pointed out in the brief of the government, the above-quoted regulation was made in recognition of the limitation upon the power of Congress to lay a tax upon the instrumentalities of the state government. Whether or not the fees of a state court receiver, by reason of such limitation, are entitled to exemption from federal taxation, as was thought by the Commissioner in framing his regulations, it is not necessary to decide. It is enough to say that the fees of a federal court receiver are, as respects the taxing power of the United States, subject to such tax as Congress may declare.

[3] The question as to whether the services performed by plaintiff, in the receivership to which the court appointed him, were of a nature and character to constitute a trade or business, within the meaning of section 200 of the Revenue Act of October 3, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜a), depends upon facts not revealed by the pleadings; that is to say, the time and attention required by and devoted to the duties of the particular receivership may have been such as to prevent the receiver from engaging in his usual and ordinary occupations. If that were the fact, I perceive no reason to refrain from saying that the duties of the receivership constituted the business of the receiver. If, on the other hand, the duties of the receivership required but a small portion of the time and attention of the receiver, and were a mere incident to the practice of his profession as an engineer, the receivership did not constitute his business, and the fees received for such work are not subject to the excess profits tax. See Lederer, Collector, v. Cadwalader (C. C. A.) 274 F. 753, 18 A. L. R. 411.

Counsel for plaintiff argues that "a federal receivership is bound to be an isolated, incidental activity, which, though it may occupy the entire time of an individual while it lasts, could not possibly be deemed his regular trade, business, profession or occupation."

[4] To the view thus expressed I cannot give assent. Suppose, for instance, that a trust company had acted as receiver of the corporation for which plaintiff was appointed as receiver, would not its fees arise from the business in which it engaged? Or suppose a receivership continued for a number of years, and that the receiver, being an individual, engaged in no other calling or occupation, in what business other than that of being a receiver could he be said to be engaged?

To me it seems reasonably clear that the matter is one of fact, and cannot be decided on a motion for judgment on the pleadings.