## COMMISSIONER OF INTERNAL REVENUE v. OGDEN.

### No. 2730.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for petitioner.

Philip Nichols, of Boston, Mass. (Joseph A. Boyer, of Boston, Mass., on the brief), for Hugh W. Ogden.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the Commissioner from a decision of the Board of Tax Appeals in favor of the respondent. The question is whether certain fees amounting to $3,900 paid to the respondent by the county of Suffolk for services as auditor in certain cases pending in the Massachusetts courts were taxable as income by the United States.

The facts are not in controversy. A number of suits arising out of a single accident were brought in the state court. By an order of the superior court of Massachusetts, Mr. Ogden was appointed auditor in all these cases with instructions to proceed from day to day, beginning on a stated date. He sat as directed, took some 20,000 pages of testimony, and filed reports in 118 cases determining liability and fixing damages. His reports were confirmed by the court, and formed the basis on which damages of about $500,000 were paid by the defendant. Mr. Ogden's compensation as auditor was fixed by an order of the Chief Justice of the superior court, $50 a day at first, later increased to $75 per day. It was paid by the county of Suffolk, and amounted, as above stated, to $3,900.

The tax in question was assessed under the Revenue Act of 1921, § 213 (42 Stat. 237), which contains no express exemption of payments to state officers. The present proceedings rest on the Revenue Act of 1926, § 1211 (44 Stat. 130 [26 USCA § 1065b]), which provides that amounts received as "compensation for personal services as an officer or employee of any state or political subdivision thereof * * * shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded." Apart from the statute, however, the United States has no right to tax the pay of state officers. Collector v. Day, 11 Wall. 113, 20 L. Ed. 122.

There is no contention that the petitioner was an employee of the state. The case turns on whether he was an "officer" of the state. What constitutes a public officer was considered in United States v. Hartwell, 6 Wall. 385, 393, 18 L. Ed. 830, where it was said: "An office is a public station, or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties. * * * A government office is different from a government contract. The latter from its nature is necessarily limited in its duration and specific in its objects. The terms agreed upon define the rights and obligations of both parties, and neither may depart from them without the assent of the other." Swayne, J.

The Massachusetts statutes relating to auditors (G. L. Mass. c. 221, § 56 et seq.) provide in substance that the courts may appoint an auditor to hear the parties and their evidence and to report upon such matters as may be ordered, and that his findings of fact shall be prima facie evidence. Provision is made for reviewing the auditor's rulings on evidence, and for alternative findings by him. The statute authorizes auditors to set the cases for hearing before them, and make adverse reports against a party who failed to appear before them, or who did not proceed before them in good faith. Judgment is entered on such reports unless for good cause shown the court otherwise orders. Their compensation is fixed by the court and paid by the county. The statutes authorize witnesses to be summoned to testify before auditors; and failure to obey the summons is a contempt of court. Auditors are empowered to issue warrants to bring in recalcitrant witnesses, in order to obtain their testimony and to hold them to answer for the contempt. G. L. Mass. c. 233, §§ 1, 5, 6. It may be said, speaking generally, that auditors are given by the statutes all powers necessary to enable them to carry on effectively a judicial hearing. Carpenter & Sons Co. v. New York, N. H. & H. R. Co., 184 Mass. 98, at page 102, 68 N. E. 28. See Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919, for a history of the office. Apparently auditors had been used in Massachusetts by consent of parties before the first statute authorizing them, that of 1818, chapter 142. See Lyman v. Warren, 12 Mass. 412 (1815).

An auditor under these statutes is much more than a person delegated by a court to assist it in the performance of its duty. He is a judicial officer having important powers of a distinctly public character, e. g., to arrest for contempt. Nonstatutory auditors, generally paid by the parties, stand upon a very different footing. Fleming v. Bowers (D. C.) 11 F.(2d) 789, and similar cases are clearly distinguishable. The position of an auditor under Massachusetts law is analogous to that of a receiver of a national bank appointed by the Comptroller of the Currency, under the statute authorizing such action by him. Such a receiver is "the agent and officer of the United States." Fuller, C. J., Ex parte Chetwood, Petitioner, 165 U. S. 443, at page 458, 17 S. Ct. 385, 391, 41 L. Ed. 782. "The receiver * * * is an officer, not of the corporation, but of the United States."

Brandeis, J., United States v. Weitzel, 246 U. S. 533, at page 541, 38 S. Ct. 381, 382, 62 L. Ed. 872. Obviously, the status of such persons is very different from that of engineers, attorneys, etc., who accept employment by a public body. Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384. It is true that auditors are often referred to in Massachusetts, as well as elsewhere, as "officers of the court"—and so they are; but this does not alter the fact that in Massachusetts they are statutory officers exercising public powers. That the appointment lacks a definite term and lapses when the work is done does not prevent an auditor from being a public officer any more than it prevents receivers of national banks. Cases supra.

It is unnecessary to decide whether the government was at liberty to repudiate the agreement made between its counsel and counsel for Mr. Ogden on which the original decision of the Board of Tax Appeals in favor of Mr. Ogden was vacated and the present judgment was entered.

The decision of the Board of Tax Appeals is affirmed.