JAMES ELWELL *vs.* EASTERN RAILROAD COMPANY & others.

Essex.    Jan. 7. — Mar. 1, 1878.    ENDICOTT & LORD, JJ., did not sit.

.The rights of a landowner under the Gen. Sts. c. 63, §§ 33, 34, and the St. of 1874, c. 372, §§ 67, 69, 72, whose land had been taken by the Eastern Railroad Company prior to the St. of 1876, c. 236, are not defeated or impaired by that act.

BILL IN EQUITY against the Eastern Railroad Company and the trustees of the same, appointed under the St. of 1876, c. 236, setting forth the taking of the plaintiff's land by the railroad corporation in 1872, the assessment of his damages therefor in 1874, upon due proceedings had before the county commissioners, the subsequent issuing of a warrant of distress in his behalf to compel the payment of such damages, and the non-payment of such warrant for thirty days thereafter. The prayer of the bill was that the defendants might be enjoined from further entering on or using the land until such payment.

The defendants filed an answer, containing a demurrer for want of equity, and the case was thereupon heard and reserved by *Morton*, J., for the consideration of the full court.

*R. Olney*, for the defendants.

*L. S. Tuckerman*, for the plaintiff.

MORTON, J. The General Statutes provide that "upon an award of damages by county commissioners or a jury against a corporation, on the petition of a person injured by the location and construction of its road, the commissioners, after the time to petition for a jury has expired, may issue warrants of distress to compel the payment of the damages, with costs and interest; and if the corporation for thirty days . . . . neglects to satisfy the same, all right and authority to enter upon or use such land or property, except for making surveys, shall be suspended until it pays such warrant." And the Supreme Judicial Court may, upon its appearing that the corporation has for thirty days neglected to pay such warrants, "by injunction or other suitable process in equity, prohibit and restrain the corporation from entering upon or using such land." Gen. Sts. *c.* 63, §§ 33, 34. The same provisions are in substance reënacted in the St. of 1874, *c.* 372, §§ 67, 69, 72.

The plaintiff in his bill states a case which is within these provisions of the statute, and there can be no doubt that he is entitled to the relief he seeks, unless he is deprived of his right by the St. of 1876, *c.* 236.

This last named statute authorizes the Eastern Railroad Company to execute a mortgage of all its present and in future to be acquired property to three trustees, for the benefit of its creditors, and provides that certificates of indebtedness, secured by such mortgage, may be issued and delivered to the creditors of the corporation, in exchange for their existing debts and claims. But it does not attempt to compel the creditors to relinquish their existing claims and accept in exchange such certificates of indebtedness, nor to deprive the creditor, who may not elect to accept certificates, of any lien or remedy to which he may be entitled by the general laws. *Pollock* v. *Eastern Railroad, ante,* 158. The purpose of the provisions of the statutes first above cited is to make the prompt payment for the land taken a condition of the right of the railroad to use it; for they give to the landowner a claim in the nature of an equitable lien upon the land. This may furnish him a valuable remedy; and we are of opinion that it is not defeated or impaired by the St. of 1876.

*Decree for the plaintiff.*