FALL RIVER RAILROAD COMPANY *vs.* THOMAS J. CHASE.

Bristol. October 22. — 30, 1878. ENDICOTT & LORD, JJ., absent.

If a railroad corporation is dissatisfied with an award of county commissioners, assessing damages for the taking of land for its railroad, and applies for a jury to assess the damages, it has the right, under the Gen. Sts. c. 43, § 41, to discontinue its petition for a jury and accept the award of the commissioners, upon such terms as the court may order; and if it files such discontinuance, the respondent, not having applied for a jury and entered into a recognizance for the payment of costs, in accordance with the Gen. Sts. c. 43, § 24, is not entitled to insist upon a trial by jury.

PETITION to the Superior Court, at September term 1876, for the reassessment by a jury of the damages occasioned to the respondent by the taking of his land for the petitioner's railroad.

On August 2, 1876, the county commissioners, on the petition of Chase, had assessed such damages at the sum of $94. Chase did not file any petition for reassessment by a jury; but on October 13, 1876, in answer to the petition of the railroad company, alleged that he was aggrieved by and dissatisfied with the estimate and award of the county commissioners, and demanded a trial by jury.

On September 18, 1877, the corporation filed a discontinuance of its petition. On October 24, Chase notified the corporation that, notwithstanding such discontinuance, he should claim that the case should go on. On November 19, the case was reached n the order of the docket, and *Brigham*, C. J., ruled, against the protest and exception of the counsel for the corporation, that it should proceed to trial. The trial resulted in a verdict against the company for $200, which was accepted by the court; and the company alleged exceptions.

*T. M. Stetson*, for the railroad company

*J. C. Blaisdell*, for Chase.

GRAY, C. J.    Either party, dissatisfied with the award of
the county commissioners, assessing damages for the taking of
land for a railroad, may apply for a jury to assess the damages.
*Parker* v. *Boston & Maine Railroad*, 3 Cush. 107.    *Miller* v. '
*County Commissioners*, 119 Mass. 485.    Sts. 1870, c. 75; 1873,
c. 261; 1874, c. 372, § 68.    But he is not entitled to a jury, un-
less he makes his application therefor within a year from the
award of the commissioners, and enters into a recognizance for
the payment of costs.    St. 1874, c. 372, § 67.    Gen. Sts. c. 43,
§ 24.    *New Haven & Northampton Co.* v. *Northampton*, 102
Mass. 116, 123, 124.

A petition for a jury is not strictly an appeal, and does not
vacate the award of the commissioners.    The petitioner had the
right, at any stage of the proceedings, upon such terms as the
court should order, to waive a trial by jury and accept the award
of the commissioners.    Gen. Sts. c. 43, § 41.    The respondent,
not having himself filed a petition for a jury and entered into a
recognizance, had no right to insist upon a trial by jury.    The
St. of 1874, c. 372, § 80, does not extend his right in this re-
spect, but is limited to cases in which proceedings upon his own
application have been quashed or defeated for informality.

The case is not like one in which the defendant has filed a
declaration in set-off upon a distinct cause of action, and which
cannot therefore be discontinued by the plaintiff without his
consent.    Gen. Sts. c. 130, § 21.    It is more analogous to an
ordinary action at law, in which the plaintiff has the right to
become nonsuit at any time before trial.    *Burbank* v. *Woodward*,
124 Mass. 357.

Upon discontinuance of the petition for a jury, the landowner
has ample remedies to enforce the award of the commissioners,
by warrant of distress, or by bill in equity to restrain the corpo-
ration from entering upon or using the land.    St. 1874, c. 372,
§§ 67, 69, 72.    *New Haven & Northampton Co.* v. *Northampton*,
102 Mass. 126.    *Elwell* v *Eastern Railroad*, 124 Mass. 160.

*Exceptions sustained.*