# CHARLESTON.

## CHARLES N. FINNELL, RECEIVER, *et als. v.* LILLIE R. BANE, *et als.*

### Submitted April 17, 1923.   Decided May 8, 1923.

1. BANKS AND BANKING—*Receiver of Insolvent Bank Appointed by the State Banking Commissioner With the Advice and Consent of Governor. May Sue Stockholders to Enforce Individual Liability for Benefit of Creditors.*

   A receiver of an insolvent bank appointed by the state banking commissioner, with the advice and consent of the Governor, may maintain a suit in equity against the stockholders of the bank to enforce their individual liability for the benefit of creditors when ordered to do so by the banking commissioner. (p. 700).

2. SAME—*Bill by Receiver of Insolvent Bank to Enforce Individual Liability of Stockholders, Failing to Clearly Show Assets Insufficient to Pay Debts, Vulnerable to Demurrer.*

   Where a bill in equity, brought by the receiver of an insolvent bank under section 81a (7) ch. 54 Barnes Code, to enforce the individual liability of its stockholders, as fixed by section 78a (3) of said chapter fails to state in positive terms what said liabilities are, and that the assets are insufficient to pay them a demurrer to same will be sustained. (p. 700).

3. SAME—*Liability of Stockholders of Insolvent Bank Unenforceable Until Necessary to Pay Indebtedness. Determined.*

   The liability of the individual stockholder of an insolvent bank under section 78a (3) Ch. 54 Barnes Code, is not a primary but a secondary liability in the nature of a guaranty and such liability is unenforceable until the assets and liabilities of the bank are ascertained in some manner provided by law; and it is thereby determined that it is necessary to enforce said liability in order to pay the indebtedness. (p. 700).

Case Certified from Circuit Court, Mineral County.

Suit by Charles N. Finnell, receiver, etc., against Lillie R. Bane and others. The court overruled demurrer to plaintiff's amended bill, and certified the question to the Supreme Court.

*Reversed.*

*Chas. N. Finnell* and *Taylor Morrison*, for plaintiff.

McGINNIS, JUDGE:

This case is certified here from the Circuit Court of Mineral County on the question whether or not said court erred in overruling a demurrer to plaintiffs amended bill.

This is a chancery cause brought by Charles N. Finnell, Receiver of the Peoples Bank of Keyser, West Virginia, against Lillie E. Bane, and a number of other resident stockholders of said bank, for the purpose of enforcing their individual liability for double the amount of their stock. The bill alleges that on the 27th day of April 1922 and for a long time prior thereto the Peoples Bank of Keyser, West Virginia, was a duly incorporated and organized bank under the laws of the state of West Virginia, and doing a general banking business in the city of Keyser, that its authorized capital stock was $50,000, divided into 500 shares of the par value of $100.00 each, all of which authorized capital stock had been issued and was outstanding, that J. S. Hill, the duly appointed and qualified commissioner of banking, in the performance of his duties as such commissioner of banking on the 27th day of April 1922, after examination and investigation, found said bank to be in an insolvent condition, that, pursuant to law, plaintiff was appointed receiver of said bank and qualified and gave bond, as required by law, and entered upon the duties of his position as such receiver on the .... day of July 1922; that after he had been appointed receiver of said bank and under the direction of the commissioner of banking, he had collected certain debts due the bank sufficient to enable him to pay a dividend of 20% to the depositors and other creditors of said bank, whose claims had been proven to his satisfaction; that pursuant

to an order of the commissioner of banking this dividend had been paid and an amount sufficient to pay a like dividend on all claims which had not been so proved has been reserved, by him, with which to pay any of such claims as shall hereafter be proved or adjudicated to be valid claims against said bank; that the commissioner of banking has found it necessary in order to pay the debts of said bank to enforce the individual liabilities of its stockholders and had directed plaintiff to institute this suit; that before he instituted this suit he notified each of said stockholders by mailing a letter demanding payment of his or her individual liability as such stockholder, on or before October 20, 1922; and that said letter was mailed about the 6th day of said month. Then follows the names of the resident stockholders who have not paid their individual liabilities, also the number of shares held by each, and the parties so named are the defendants in this suit. It also alleges that certain stockholders have, since the institution of this suit, paid the full amount due from them, and that the suit as to them was dismissed at rules. In the bill are also named the non-resident stockholders, and it further alleges that all the remaining owners of stock in said bank not named in the bill have paid their individual liabilities as such stockholders and for that reason they are not made parties to this suit.

Then comes the allegation which presents the main point of the demurrer to the bill as it now stands being the demurrer to the bill as amended, "That J. S. Hill, commissioner of banking, having ascertained that the Peoples Bank of Keyser, West Virginia, was insolvent and having further ascertained the value of its assets to be $452,531.13 and the amount of its *apparent* liabilities to be at least $572,531.13, determined it to be necessary to enforce the total individual liabilities of its stockholders as such under Sec. 78a (3) of ch. 54 Barnes Code, in order to pay the debts of said bank as far as it is possible for them to be paid;" the prayer of the bill is that a decree be entered requiring each of the defendant stockholders to pay $100.00 for each share so held by him or her, with interest thereon from the 20th day of October 1922. To the original bill there was a general demurrer in-

terposed by the defendants, Wm. McDonald, W. B. Burke, R. Marsh Dean, Luella J. Johnson, W. J. Koelz, J. M. Martin, J. I. Snider, James M. Steward, H. Clay Thrush, A. L. Thrush, James A. Thrush, William V. Thrush, W. P. Welschonce, S. W. Whip, L. Whippel, J. W. Wise and Sallie Wright, assigning four separate grounds of demurrer.

The court below sustained the demurrer on the second grounds alleged in the said demurrer, the grounds were: "The bill fails to aver, as it should that the stockholders who are made parties to this suit, those who have paid and those not made parties defendant because of non-residence, are all those who owned stock at the time the losses and all of them *accrued*. The bill should aver that there are no other stockholders *who owned* stock in the bank at the time the losses accrued." And the court upon sustaining the demurrer allowed the plaintiff to amend his bill at bar, which was accordingly done and the above named defendants, except J. W. Wise and R. Morton Dean, demurred to the bill as amended relying, among other things, upon the grounds of the demurrer to the original bill.

The section of the code under which this suit is instituted is Sec. 81a (7) Ch. 54 Barnes Code and that portion of said section which is material upon this demurrer is as follows: "Such receiver under the direction of the commissioner of banking shall take possession of the books, moneys, records and assets of every description of said institution, and collect all debts, dues and claims belonging to it, and upon the order of a court of competent jurisdiction, or the commissioner of banking, may sell or compound all bad or doubtful debts and on like orders may sell all its real and personal property on such terms as the court or commissioner of banking may direct, and IF NECESSARY TO PAY ITS DEBTS, the commissioner of banking may enforce the ididividual liabilities of its stockholders. A suit for such purpose may be instituted against resident stockholders, either in the name of such receiver or the commissioner of banking, in the circuit court of the county in which its banking house or office is located."

We hold that the word "suit" as used in the statute above

contemplates a suit in equity and that it will lie only when it affirmatively appears, from the bill, that the payment of these individual liabilities are necessary for the payment of the debts of the bank. The case of *Pyles* v. *Carney*, 85 W. Va. 159 was a bill in equity "Filed by B. A. Pyles, special receiver of the exchange Bank of Littleton, against a number of its stockholders for the purpose of enforcing their individual liabilities for double the amount of stock, the same being alleged to be necessary to pay the creditors of the insolvent bank." This was a certified case and the questions involved arose on a demurrer to the bill. This demurrer was overruled in part, and was sustained in part. The two grounds upon which it was sustained are immaterial so far as this demurrer is concerned; in all other respects the demurrer was overruled. One of the grounds upon which the demurrer was sustained was the failure of the plaintiff to make proper parties to the suit, and, in sustaining the demurrer on the above grounds, Judge WILLIAMS, in delivering the opinion of the court says, after referring to the familiar rule in equity practice in reference to parties to suits in equity, "This rule, of course, includes the representatives of the parties who are dead. The reason for applying that rule here is apparent because of the apportionment of liability necessary to be made among the several owners, at different times, of some or all the same shares of stock, during which time distinct proportions of the banks liabilities severally arose. The adjustment should be made and the amount each stockholder should pay determined in ONE SUIT." This demurrer necessarily involved the jurisdiction of the court to try and determine the individual liabilities of the stockholders, and by clear implication, held that a court of equity has jurisdiction to enforce said liabilities. Under the Federal Statute, under which the cases cited by the demurrants were decided, the comptroller seems to have absolute plenary powers to decide when it is necessary to enforce the individual liabilities of the stockholders. In *Weldron* v. *Ailling* (1902) 76 N. Y. S. 250 App. Div. 86, the court holds "The comptroller of the currency, at such time

as he deems proper, and upon such data as are satisfactory to him, may pass upon the necessity of instituting proceedings against National Bank stockholders to enforce their personal liability as such, and when his decision is made it is conclusive and cannot be questioned in any litigation that may ensue.'' 94 U. S. (24 L. E.) 168. Under the Federal Statute as passed upon by the Federal Courts and the Supreme Court of the United States the individual liability of stockholders in a National Bank is primary and not secondary, hence the court held that the enforcement of these liabilities, where the whole of said liabilities are sought to be enforced, must be had at law, and the Comptroller of the Currency is the sole arbiter as to the time the suit is to be brought and as to whether or not the full liability or a portion thereof is to be enforced and his determination is conclusive. The stockholders cannot controvert it. 75 U. S. (19 L. E.) 476. We do not think our statute gives to the commissioner of banking any such absolute and incontrovertible authority.

Having arrived at the conclusion that our statute gives to a court of equity jurisdiction in this case it will serve no good purpose to discuss the other reasons for equitable jurisdiction, or to elaborate on our apparent divergence from the decisions of the Supreme Court of the United States on statutes materially differing from ours.

The Federal Statute Sec. 9689 U. S. Compiled Statutes R. S. is as follows: ''The stockholders of every National Banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock.'' ''The liabilities which shareholders in National Banks incur is that of principals, not as sureties.'' *Hobert* v. *Johnson,* 8 Fed. 493. ''The liabilities of shareholders attach when the contracts are made, debts created or engagements entered into by the bank and is an original liability.'' *Witters* v. *Souls,* 32 Fed. 130-137. However, as will be seen by a comparison of the two statuts there are considerable and material differences. The most material is that the statute of this state,

as we construe it, prescribes how the individual liability may be enforced, to-wit; by a suit in the Circuit Court against the individual stockholders each in the name of the receiver or commissioner of banking. This prescribes who shall be made plaintiff and who may be made defendants, thus clearly indicating that only one suit need be brought to enforce these individual liabilities. Under our statute the shareholders may be indebted to the bank 'on these liabilities in different amounts. Under our statute stockholders are only liable for "liabilities incurred while they were stockholders", while, under the Federal Statute shareholders are held for the full liability irrespective of the time they acquire the stock or the time the liabilities of the bank are incurred.

Now upon the other grounds alleged in the demurrer in this case; we do not think it necessary to discuss but one, that is in effect that the bill fails to allege that the liabilities of the bank have in any manner been definitely ascertained. We are of the opinion that upon this ground the demurrer should have been sustained. The individual liability of the stockholders being secondary, and each stockholder only liable for the proportionate amount of what is necessary to pay the creditors of the bank, how could the court fix the amount that each should pay unless in some definite manner the whole amount of the liabilities of the bank had been ascertained? The bill alleges that "the amount of the *apparent* liabilities is about $572,531.13" the bill also avers that a dividend of 20% is now held in the hands of the plaintiff to pay certain claims against the bank which have not been proved, but it fails to state the amount of these unproved claims and fails to allege whether or not they were taken into consideration in calculating the liabilities of the bank.

We are, therefore, of the opinion that the ruling of the court below should be reversed and the demurrer to the amended bill sustained.

*Reversed.*