# CHARLESTON.

LYNCHBURG COLLIERY COMPANY *v.* HON. J. W. EARY, JUDGE, *etc., et al.*

(No. 6257)

Submitted April 18, 1928.    Decided April 24, 1928.

EMINENT DOMAIN—*Confirmation of Commissioners' Report as to Condemnee Does Not Preclude Condemnor From Excepting Within Reasonable Time and Demanding Jury Trial as to Damages (Code, c. 42, §§ 17, 20).*

In a condemnation proceeding under Chapter 42 of the Code, the confirmation of the report of the Commissioners as to a condemnee (it not desiring to except thereto) will not preclude the condemnor from subsequently excepting thereto

within a reasonable time, and demanding a trial by jury on the question of the quantum of damages.

(Eminent Domain, 20 C. J. § 437.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the Lynchburg Colliery Company for prohibition to be directed to Hon. J. W. Eary, Judge of the Circuit Court of Fayette County, and another.

*Writ denied.*

*Dillon, Mahan & Holt* and *Osenton & Lee,* for petitioners.
*George Love,* for respondents.

WOODS, JUDGE:

In a condemnation suit brought by the county court of Fayette county against Lynchburg Colliery Company and others a report was filed by the commissioners on July 15, 1927, awarding damages to the colliery company in the sum of $14,400.00 for certain riparian rights which were proposed to be taken by the county court. On July 30, 1927, an order was entered which, after stating that "this day came the parties by their attorneys", and disposing of some other matters, contained the following: "The said Lynchburg Colliery Company not desiring to file any exceptions to the report of the commissioners and the same is confirmed as to the said Lynchburg Colliery Company." The term of court at which this order was entered adjourned *sine die* on August 1, 1927. On September 6, 1927, at a special term of the circuit court a decree was entered permitting the applicant to deliver its warrant for the sum of $14,400.00 to the general receiver of the court (the colliery company waiving its right to have that amount deposited in cash), "in order", as it stated, "to take immediate possession of said riparian rights". The decree further states that the applicant excepted to the report of the commissioners, and ordered that a jury be summoned to try the issues in the manner provided by law.

The colliery company obtained a rule from this Court against the Judge of the circuit court of Fayette county and the applicant to show cause why a writ of prohibition should not be awarded prohibiting the judge from proceeding further in the condemnation proceedings, in so far as they pertained to the property rights of the company. The position of the company is that the order of July 30, 1927, bound the applicant as well as the company and was a final order.

Under the procedure provided in condemnation proceedings as stated in Chapter 42, Code, no time is fixed in which the report of commissioners must be excepted to or confirmed. Section 17 of that Chapter simply provides that after the report is filed "either party may file exceptions thereto", and demand a jury trial; and that "if no exceptions be filed to such report, or if neither party demand a trial by jury as aforesaid, the court unless good cause be shown against it, or it be defective or erroneous on its face, shall confirm said report." There is nothing in the statute requiring any co-ordination by the parties in the filing or the waiving of exceptions; on the contrary separate action is clearly indicated. Why, therefore, when the delay is not unreasonable cannot one party declare itself at one time and the other party at another? The confirmation of the report referred to in the statute is a confirmation as to *both parties.* That confirmation must be preceded by a failure of both parties—not one—to file exceptions. It will be noted that the order of July 30th does not mention any expression or action in the report by the applicant and does not purport to confirm as to both parties, but specifically confirms only as to the colliery company. The company shows no duplicity on the part of the applicant leading up to that order, and no prejudice to itself by reason of the entry. It simply asks that the applicant be bound, because the applicant said nothing when it (petitioner here) declared itself satisfied with the award. The silence of a party in such case cannot bind it—no prejudice being shown to the other party by reason thereof. The subsequent payment into court by the county court of the money awarded by the commissioners as damages, tends in no degree

to bind the county as to future proceedings. The statute specifically provides that, after such report be made, whether it be set aside, recommitted, or whether a trial by jury be demanded and had, or not, the applicant, upon paying into court the sum ascertained by such report, with interest, etc., may, notwithstanding the pendency of further proceedings, enter upon, take and use for the purposes specified in the application the land sought to be condemned. Code, Ch. 42, Sec. 20. Here the parties were hostile litigants. They were dealing at arm's length. Each had a right to except to the report and demand a trial by jury. Whether the county court waived this right, in the case under consideration, must affirmatively appear on the face of the order in question. As we interpret such order it is not susceptible of such a construction. Then, as far as this litigation is concerned, the question of whether such order is final or not becomes immaterial.

*Writ denied.*