### SHORT v. STATE HIGHWAY COMMISSION et al.

No. 20134. Opinion Filed June 16, 1931.

Withdrawn, Corrected, and Refiled June 23, 1931.

Rehearing Denied July 28, 1931.

Johnson & Johnson and C. C. Cohoon, for plaintiff in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for defendants in error.

McNEILL, J. This action comes to this court on appeal from the district court of Logan county. The parties will be referred to as they appeared in the trial court, Anna L. Short, plaintiff in error, as plaintiff, and, for brevity, the State Highway Commission et al., defendants in error, as defendants.

The action was a condemnation proceeding for highway purposes. The defendants appropriated about 9.6 acres of plaintiff's premises for a part of federal aid project No 1:9. Commissioners were regularly appointed to appraise the damages and made an award assessing the damages of plaintiff at $1,500. Within 30 days after the award of the commissioners was filed, the plaintiff filed a written demand for a trial by jury as provided for in section 5503, C. O. S. 1921. The defendants, however, did not file any written demand for a trial by jury. On the application of the plaintiff, the award was paid into court, and after certain disbursements were made to certain loan companies holding mortgages covering said premises, the balance was paid to plaintiff. Subsequently, the matter came on regularly for trial before a jury in the district court of said county. During the second day of said trial, counsel for plaintiff dictated into the record plaintiff's motion to dismiss with prejudice.

The court heard and overruled said motion and required plaintiff to proceed in the trial of said cause, to all of which plaintiff duly excepted and assigns the same as error on the part of the trial court. The jury returned its verdict awarding plaintiff damages in the sum of $950, the same being $550 less than the award of the Commissioners. The court thereupon rendered its judgment upon the verdict, awarding plaintiff damages in the sum of $950, and entering judgment against said plaintiff in favor of said defendants in the sum of $550.

Plaintiff sets forth twelve separate assignments of error, but, as we view this record, it is only necessary to consider one proposition, to wit: Did the court err in overruling plaintiff's motion to dismiss with prejudice?

Counsel for defendants contend that, inasmuch as plaintiff filed a request for a

trial by jury, there was no necessity for defendants to file their request for trial by jury; and that plaintiff could not, as a matter of right, dismiss her action with prejudice.

This contention is without merit. Counsel for defendants rely upon the rule announced in 20 Corpus Juris, page 1083, which is as follows:

"Where the landowner institutes proceedings for the assessment of damages, he cannot discontinue after the trial has begun, or the damages have been assessed."

The author of this text, in support of this rule, cites the single case, to wit, City of Worcester v. Lakeside Mfg. Co. (Mass.) 54 N. E. 833.

An examination of that case is distinguishable from the question at issue. In that case, the Lakeside Manufacturing Company petitioned the superior court for an assessment of damages for the taking of its property by the city of Worcester. About 70 similar petitions were filed, and the commissioners, appointed to view the different premises and assess their respective damages, were hearing all of said petitions at the same time, and had spent about five days in hearing evidence upon said petitions, including the petition of the Lakeside Manufacturing Company. The petitioner, Lakeside Manufacturing Company, sought a nonsuit or a discontinuance as a matter of right. In that case the court properly held that petitioner could not then subject the respondent, city of Worcester, to the expense and annoyance of a second suit by filing a discontinuance of the case. In that case there is cited the case of Derrick v. Taylor (Mass.) 50 N. E. 1038, in which latter case the court therein stated, in part, as follows:

"At common law, the plaintiff could discontinue or become nonsuit, as of right, at any time before verdict, if not at any time before judgment. * * * This resulted, in part, at least, from the fact that anciently, unless the plaintiff continued the process regularly from day to day, or from time to time, the proceedings came to a stop; that is, they were discontinued, and he was obliged to begin again. 3 Bl. Comm. 296. In part, it probably resulted from the objection to compelling a plaintiff to go on with a suit, which, for some good reason, he did not wish to go on with,—Co. Litt. 139 (a),—and the difficulty of forcing him to appear. Generally speaking, he would be mulcted in some form for his failure to proceed, and, if he saw fit to submit to that burden rather than to go on, he was permitted to do so. In this commonwealth, however, as well as in Maine and New Hampshire and possibly in other states, it has been held that a plaintiff cannot discontinue or become nonsuit as of right * * * at any time before the trial has begun."

The reason for denying the common-law rule in that jurisdiction was to prevent injustice being done to defendants, who were subjected to being harassed a second time on one and the same cause of action. Earl Carpenter & Sons v. New York, N. H. & H. R. R. Co. (Mass.) 68 N. E. 28.

It is observed that this is not the situation in the case at bar. The award of the commissioners was made, and plaintiff, concluding that the same was insufficient, filed her written demand for a jury. The defendants filed no such demand. Under section 5508, C. O. S. 1921, "either party" may file a written demand for a jury, and under section 5502, C. O. S. 1921, after possession is taken of the property condemned, as was done in this case, either party, without prejudice, "may prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of said compensation." In this case, after plaintiff filed her motion to dismiss with prejudice, defendants could not be subjected to any further litigation concerning the question of damages. After such a dismissal, the question of recovering further damages was final and conclusive upon said parties in the absence of a similar demand for a jury trial by defendants.

The question before the trial court for determination was the sufficiency or insufficiency of the compensation. The defendants had no right to base their demand for a jury to determine the sufficiency of this compensation upon the plaintiff's demand for a jury. The fair inference is that defendants were satisfied with the award of the commissioners, and, when defendants filed no demand for a jury, plaintiff should have been permitted at any stage of the proceedings, before a final submission of the same to a jury, to waive her demand for a trial by the jury, to dismiss her demand for a trial by jury on the question of the insufficiency of said compensation, and to accept the award of the commissioners.

We think the correct rule to apply to either party in a case of this character was announced by the Supreme Court of Massachusetts, in the case of Fall River Railroad Co. v. Chase, reported in 125 Mass. Rep. page 483, which involved a condemnation proceeding, wherein the railroad company, being dissatisfied with the award of the county commissioners in assessing damages for the taking of land for the company's railroad, petitioned the superior court for the reassessment by jury of the damages occasioned to the owner of the land. The court held, in that case, that the railroad

company had a right to discontinue its petition for a jury, and accept the award of the commission upon such terms as the court might order, and the court further held that, if the company filed such discontinuance, the landowner, not having applied for a jury, was not entitled to insist upon a trial by jury.

The judgment of the trial court is hereby reversed and remanded, with directions to enter judgment in favor of the plaintiff allowing her the amount of the original award, and that all costs be taxed against plaintiff.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.