C. E. LAWHEAD, *Receiver, etc. v.* BOARD OF TRUSTEES OF
THE GRAND LODGE ANCIENT FREE AND ACCEPTED
MASONS OF WEST VIRGINIA

(No. 7973)

Submitted October 10, 1934.   Decided October 30, 1934.

*H. H. Rose, Howard Boggess* and *E. M. Showalter,* for appellant.

*George R. Farmer,* for appellee.

KENNA, JUDGE:

This suit was brought in the circuit court of Monongalia County to recover from the defendant trustees a double assessment laid upon $4,300.00 par value of their stock in Federal Savings and Trust Company. After a demurrer to the bill of complaint was overruled, a direct-

ed judgment was rendered for the plaintiff in the amount sued for.

The question presented upon this appeal is whether the demurrer to the plaintiff's bill should have been overruled. The single proposition advanced to sustain the demurrer is that the demand sued upon is a bare legal demand, and that the remedy at law is full, adequate and complete. To this proposition, which, upon its face, appears to be sound, the plaintiff, to sustain his bill of complaint, replies that the legislature, by Code, 31-8-32, has conferred upon courts of chancery the right to hear and determine suits for the recovery of the "double" assessment of stockholders in banks, whether those suits be against many or only one. The defendant then says that, granting by way of argument that the purpose of the legislature was to confer chancery jurisdiction, the legislature was without power to do so because of the constitutional provision preserving the right of trial by jury in actions at common law. (Section 13, Article III, Const.) Then the plaintiff says that the claim sued on is a liability created by the very constitution in which the provision invoked by the defendant (preservation of the right of trial by jury) is contained, and that although the right here asserted rests in contract, it is a creature of the constitution and not of the common law, and, therefore, since no right of trial by jury as to that right could have existed at the time of the adoption of the constitution (as no such right of action then existed) that it does not fall within that class of cases with referance to which the right of trial by jury was intended to be preserved.

The legislature, in the absence of constitutional inhibition, has the power to confer jurisdiction upon courts of equity even in the case of purely legal demands. The only inhibition of that power is the constitutional provision preserving right of trial by jury. It is to be observed that the right of trial by jury is not conferred by the constitution; that right is simply preserved as it existed at common law when the constitution was adopted. Without doubt, this right of trial by jury existed as to

legal demands at common law. Therefore, as to such legal demands at common law, since the right of trial by jury existed at the time of the adoption of the constitution, it would seem clear that that right must continue, and that it cannot be infringed by the legislature by transferring jurisdiction to courts in chancery, where no jury trial as a matter of right, and as at common law, exists. The first problem presented in this case seems to be the question of whether the right sought to be asserted in this bill is a right as to which the defendant would be entitled to trial by jury at the time the constitution of West Virginia was adopted.

This court has already held that the right to collect double assessments against stockholders of insolvent banks is not a penalty, but that it grows out of contract. *Pyles* v. *Carney*, 85 W. Va. 159, 101 S. E. 174; *Lawhead* v. *Davis*, 112 W. Va. 13, 163 S. E. 629; *Lawhead* v. *Garlow*, 114 W. Va. 175, 171 S. E. 250. This would incline one to the opinion that because it does grow out of contract, and because contract forms the background and basis for most of the common law actions that existed at the time of the adoption of the constitution, that this cause of action would have to be cataloged as among those to which the right of trial by jury naturally appertains. However, although the contract for the purchase of corporate stock in a bank is the basis for the liability, it is made so by operation of law and not, in all strictness, by the free agency of the parties to the contract. The parties cannot stipulate that the liability shall not come into existence. They cannot limit it, neither can they anticipate it by arranging different terms for its discharge in advance. It is entirely probable that many purchasers of stock in banks have become bound on paid-up subscriptions, without knowing that such a provision of law attached to the obligation of their stock purchase. No such situation is known to the common law of contracts. It may be true that the provisions of the constitution and of the statutes will be read into a contract. We think, however, in spite of the fact that upon the making of a contract for the purchase of stock

in a bank, the provisions of the constitution of West Virginia and of the statute respecting that contract in existence at the time it was made, become a part thereof, and that, in a certain sense, for that reason the rights springing out of the contract might be said to be common law rights, that nevertheless the double liability itself must be regarded as one that did not exist at common law.

We think that the legislature could place jurisdiction in courts of chancery to hear and determine suits of this nature without abrogating the right of trial by jury where that right had existed prior to the adoption of our constitution. In the case of *Pollard* v. *Bailey*, 20 Wallace 520, 22 L. Ed. 376, the United States Supreme Court made the following observation: "Individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law, it does not exist. The statute which creates it may also declare the purposes of its creation, and provide the manner of its enforcement." It is true that that case did not involve a proceeding under a statute identical with the one now before us. In the *Pollard* case, a single creditor had sued a single stockholder for the purpose of recovering the amount of his debt under an Alabama statute that contemplated a suit in chancery for the purpose of convening the creditors and stockholders and reaching a determination of the pro rata in which the stockholders were liable to respond to the creditors of the corporation. A suit had been brought at law and the observation quoted was in connection with the determination of the court that, within the contemplation of the statute, the suit must be brought in chancery. Nevertheless, we feel that the matters involved were closely enough akin to those now before us to illustrate quite clearly the correctnness of our conclusion in this case. In the case of *Fourth National Bank of New York* v. *Francklyn*, 120 U. S. 747, 30 L. Ed. 825, a similar question arose, and the United States Supreme Court laid down the same principle, citing and quoting with approval the case of *Pollard* v. *Bailey*. It does not appear

that in either of the cases the question of right of trial by jury was directly raised: However, the matter of appropriate remedy was involved in each and the cases seem to settle the proposition that the liability of stockholders in corporations to respond to the debts of the corporation beyond the amount of their paid in stock subscriptions, being purely a creature of the statute, the legislature has the right to prescribe the method of its enforcement. If this be true, then, of course, the right of trial by jury as it existed at common law prior to the adoption of our constitution is not infringed when the jurisdiction is placed in the chancery side of the court. Among the cases in substantial accord with this view, although in none of them was the question of right of trial by jury directly raised, are the following: *Smith* v. *Olson,* (S. D.) 208 N. W. 585; *Hirning* v. *Oppold,* (S. D.) 201 N. W. 721; *Union National Bank* v. *Halley,* (S. D.) 104 N. W. 213; *Lynch* v. *Jacobsen,* (Utah) 184 Pac. 929; *Way* v. *Barney,* 116 Minn. 285, 133 N. W. 801; *Allen* v. *Prudential Trust Company,* (Mass.) 136 N. E. 410.

Having determined that the legislature could, if it chose, confer chancery jurisdiction to hear and determine suits brought against a single stockholder of a bank to collect the amount of the double assessment on his stock without violating the provisions of section 13 of Article III of the Constitution, the remaining question is: Did the statute in question confer that jurisdiction?

Section 32 of article 8 of chapter 31 of the Code contains the following language:

"If it shall appear that the assets of such insolvent institution or other corporation are not sufficient to pay in full all of its creditors and depositors without waiting to administer the assets of such institution or other corporation or delaying for any other cause in the same suit or in separate suits to be forthwith instituted in the same or any other jurisdiction in his name, the receiver, under the authority of the Commissioner of Banking, shall collect from each of the several stockholders of such institution or other corporation all sums for which

"they are severally liable to such institution or other corporation for the benefit of its creditors."

While this language, it must be admitted, contains no express grant of chancery jurisdiction, it, nevertheless, in our opinion, imports such jurisdiction by unmistakable intention. It speaks of suing the stockholders (plural) in the same suit. This could be done only in chancery. It then says that the liability may be enforced in separate suits, and no reason appears for believing that a different jurisdiction is intended from that provided for suing all the stockholders. The word "suit" itself is indicative of chancery jurisdiction, as the word "action" indicates jurisdiction at law. Furthermore, we believe that the intent to confer jurisdiction upon the chancery courts is borne out by the recent history of this provision. Under the former act (section 81-A of chapter 54 of the 1923 Code), the provision was that "a suit for such purpose may be instituted against resident stockholders", etc. In the case of *Finnell* v. *Bane*, 93 W. Va. 697, 117 S. E. 549, this section was construed as meaning that a single chancery suit must be brought against all of the stockholders and that all must be made parties thereto. The quoted portion of section 32 of article 8 of chapter 31 was enacted after the decision of the *Finnell* case, and its apparent purpose was to confer chancery jurisdiction not only in one suit against all of the stockholders of the bank, but to confer it as well in the separate suits provided for. It seems to us that to hold that the act means that a single suit against all of the stockholders might be brought in chancery, but that if recourse is to be had to a proceeding against a single stockholder on his individual double liability that that sort of proceeding must be by action at law, would be reading a complication into a statute, the obvious purpose of which is to simplify. This conclusion, we think, is clearly confirmed by the language of section 16, article 4, chapter 31, Code.

For the reasons stated, the judgment of the circuit court of Monongalia County is affirmed.

*Affirmed.*