F. O. LAMB, *Receiver, etc.* v. D. J. F. STROTHER *et al.*

(CC 571)

Submitted February 2, 1937. Decided February 16, 1937.

*Philip P. Gibson* and *McClaugherty & McClaugherty,* for plaintiff.

*Zeb H. Herndon,* for defendant.

KENNA, PRESIDENT:

F. O. Lamb, receiver of Huntington Banking & Trust Company, filed his bill of complaint in the Circuit Court of McDowell County seeking to enforce against D. J. F. Strother, a former stockholder of that institution, and Otis E. St. Clair, assignee of his shares, the constitutional double liability of shareholders in banks. The defendant, Strother, appeared and filed his demurrer in writing, which was overruled, and thereupon, the trial chancellor, of his own motion, certified to this court the questions arising upon the sufficiency of the bill of complaint, propounding six specific queries. The presentation of the case in this court, however, has taken greater scope than the specific questions propounded, and in disposing of the case upon the basis of its presentation, the restrictions imposed by the specific questions will be ignored. The presentation here would re-open all of the fundamental constitutional questions respecting the double liability of shareholders in banks, although practically

all of the questions that arise upon this certification are directly answered by well settled holdings of this Court there are some eighteen or twenty points raised against the sufficiency of the bill of complaint. We shall not attempt to discuss them all, because they are mainly sub-divisions of four principal questions that attack the sufficiency of the bill.

The first point made by the defendant below is that whereas the bill of complaint shows that the defendant acquired his stock in Huntington Banking & Trust Company in 1912 and 1915, when the liabilities and remedies arising under his contract of stock purchase were fixed by sections 2394, 2405, 2406 and 2418 of the Code of 1906, the provisions of section 16 of article 4 and section 32 of article 8 of chapter 31 of the Code of 1931, under which he and his assignee, St. Clair, are sued, have, since he acquired his stock, materially increased the obligations undertaken by a stockholder of a bank, and have therefore impaired the obligation of his contract, in violation of section 10 of Article I of the Constitution of the United States and section 4 of Article III of the Constitution of West Virginia. The defendant below urges that this material change consists in the fact that under the old statute, suit could be brought only against all of the stockholders at the place of business of the banking corporation in order to enforce the double liability, while under the new statute suit may be brought in the county of the residence of the stockholder and against all or any of them. He urges further that under the statutes in effect at the time he bought his shares, as construed in the case of *Finnell* v. *Bane*, 93 W. Va. 697, 117 S. E. 549, his liability was secondary and in the nature of a guaranty, and was not to be enforced until after the assets and liabilities of the bank were ascertained and the necessity of collecting the double assessment determined, whereas under the new statute the collection in full of the double liability follows immediately upon the declaration of insolvency by the Commissioner of Banking, and the determination of the ultimate *pro rata* liability of the stockholders is left to follow.

We think that it is not necessary to enter into a lengthy discussion of these questions since we believe that the opinion of Judge Lively in *Tabler* v. *Higginbotham*, 110 W. Va. 9, 14, 156 S. E. 751, meets and disposes of them squarely against the contention of the defendant below. The facts in that case gave rise to these same legal questions and they were there fully discussed and, we think, plainly decided. Furthermore, the Supreme Court of the United States, on February 1, 1937, in an opinion by Mr. Justice Cardozo, in the consolidated cases of *Stockholders of Peoples Banking Company of Smithsburg, Maryland* v. *Sterling, Receiver,* and *Stockholders of the Hagerstown Bank & Trust Company* v. *Sterling, Receiver,* 57 S. Ct. 386, 81 L. Ed. 586, held that a change in the method of enforcing the liability of stockholders in banks, more drastic than the change before this court in the present case, effected by an act of the Legislature of Maryland during the time that the stockholders of the banks had owned their stock, related only to the remedy and impaired no substantive right under the contract of stock purchase. In further justification of its finding to the effect that the stockholders' double liability could be enforced under the terms of the new statute, the Supreme Court said that a change even of substantive liability was made permissible by the reservation on the part of the state of the power of altering or repealing the bank's charter or the statutes relating to it. We have substantially the same reservation before us in this case.

The next contention advanced by the defendant below is that the legislature violated the terms of the Constitution of West Virginia preserving the right of trial by jury when it passed an act conferring equity jurisdiction to enforce the double liability of stockholders. This contention is fully covered by the case of *Lawhead, Receiver,* v. *Board of Trustees of Grand Lodge,* 115 W. Va. 475, 478, 176 S. E. 860, wherein it was pointed out that the double liability of stockholders of insolvent banks is a constitutional liability that did not exist at common law, and that since the liability itself did not exist at common law, it did not belong to the class of cases wherein the

right of jury trial existed at common law. But the defendant below insists that conferring equity jurisdiction in this class of cases is in violation of section 10 of Article III of the Constitution of West Virginia, providing that no person shall be deprived of life, liberty or property without due process of law and the "judgment of his peers," the quoted phrase meaning trial by jury. This contention has been equally well settled against the position of the defendant below. To uphold it would destroy chancery jurisdiction entirely as was pointed out in the case of *Jelly* v. *Dils and Smith*, 27 W. Va. 267, 275. The case cited holds that the word "and" in the constitutional provision relied upon is to be read as the disjunctive "or", making the clause read "due process of law or the judgment of his peers."

The third contention advanced by the defendant below is that under the law of West Virginia, as it existed prior to the time of his stock purchases in 1912 and 1915, the liability imposed by the constitution upon shareholders in banks passed to the transferee, and the transferor was relieved by the assignment. The defendant Strother relies upon the case of *Nimick* v. *Iron Works*, 25 W. Va. 184, as sustaining his position in this regard.

In citing the *Nimick* case, it evidently escaped the notice of counsel for defendant below that it deals entirely with the statute law of the State of Ohio. It has no bearing whatsoever upon any of the questions here under consideration. The liability here sought to be enforced rests squarely upon our constitutional provision. Section 6, Article XI of the Constitution reads in part as follows: "* * * the stockholders of any bank hereafter authorized by the laws of this State, whether of issue, deposit or discount, shall be personally liable to the creditors thereof, over and above the amount of stock held by them respectively to an amount equal to their respective shares so held, for all its liabilities accruing while they are such stockholders." To say that the assignment of shares would relieve a stockholder in a bank of a personal liability that had become fixed in consequence of the plain language of this section would be undoubtedly subversive

of its purpose, and the settled holdings of this court are directly to the contrary. *Dunn* v. *Bank of Union,* 74 W. Va. 594, Pt. 1, Syl., 82 S. E. 758, L. R. A. 1915B, 168. It is true that the *Dunn* case was decided subsequent to 1912, when defendant below bought his first stock, but the case is based upon the language creating the constitutional liability, quoted from the statute then before the court, which followed the language of the constitution.

The fourth point urged against the bill of complaint by the defendant below is that under the provisions of sections 2405 and 2406 of the Code of 1906, in effect at the time he bought his stock, the only remedy against him was to require him to pay in *pro rata* with all other stockholders an amount sufficient to make good the impaired capital of the bank, and upon his failure to do so, to have his stock in the bank sold in order to realize his *pro rata* assessment for that purpose. The provisions found in the statute referred to are now embodied in Code, 31-8-14. They are separate and distinct from the constitutional double liability provision, and, of course, if they were not, they could not be held to restrict or impair a liability imposed by the constitution itself. We therefore find no sound basis upon which this contention could be sustained.

It is our conclusion that the questions herein discussed and decided substantially cover all of the points urged against the sufficiency of the bill of complaint before us, and that we have adequately covered the specific questions certified by the trial chancellor. We are of opinion that the bill of complaint is sufficient, and the certification from this court will be to that effect.

*Affirmed.*