STATE BY THE STATE ROAD COMMISSION OF WEST VIRGINIA

*v.*

GRADY BOGGESS, *et al., etc.*

(No. 12135)

Submitted April 24, 1962.          Decided June 12, 1962.

*Boggess, Crow & Davis, Burton Crow, Robert E. Davis,* for plaintiff in error.

*George H. Samuels,* for defendant in error.

CALHOUN, PRESIDENT:

In this eminent domain proceeding, the State Road Commission of West Virginia, condemner, excepted to the report of the commissioners and demanded a jury trial pursuant to the provisions of Code, 54-2-10. Grady Boggess, the landowner, did not except to the report or demand a jury trial within ten days after the report was returned and filed pursuant to the statute referred to above. Almost two years after the report of the commissioners was filed, the

condemner, over the objection of the landowner, was permitted by the circuit court to withdraw its exception to the report of the commissioners and its demand for a jury trial; and was permitted to pay the amount of the award of compensation made by the commissioners, with interest thereon from the date of entry upon the premises until the date of payment, in full settlement of compensation to the landowner. The sole question presented on this writ of error is whether the circuit court erred in its action stated above by failing to accord to the landowner the right to a jury trial in that court.

On March 16, 1959, the State Road Commission filed its petition in the Circuit Court of Jackson County seeking to condemn for state highway purposes certain easements in land owned by Grady Boggess in that county, and on that date the circuit court, pursuant to the provisions of Code, 54-2-14, as amended, entered an order authorizing the condemner at once to enter upon, take possession of, appropriate and use the land sought to be appropriated for the purposes stated in the petition.

On May 1, 1959, commissioners were appointed pursuant to Code, 54-2-5, to ascertain just compensation to the landowner for the land appropriated and for damages to the residue. After having taken the oath prescribed by statute, the commissioners viewed the premises on May 25, 1959, and on that date filed their report in writing by which they fixed the sum of $25,000 as just compensation to the landowner. An order of the circuit court entered on May 29, 1959, noted the filing of a writing pursuant to Code, 54-2-10, by which the condemner excepted to the report of the commissioners and demanded that the question of compensation to be paid be ascertained by a jury. On motion of the condemner, the case was continued from time to time, the last continuance having been to November 7, 1960, by an order dated August 1, 1960.

Apparently no subsequent order was entered in the case until May 3, 1961. On that date the condemner moved the court "for permission to withdraw its exceptions to the commissioners' report, and to pay the award allowed by the

commissioners, together with six percent (6%) interest thereon from the date of entry upon the premises until paid as full payment for the easement to be taken as set forth and described in the petition filed herein and damage to the residue of the lands of the defendant, Grady Boggess * * *." The landowner resisted the motion and objected and excepted to the action of the court in sustaining the motion, thereby raising the question now presented for decision.

Apparently neither party actually requested a jury trial at any specific time or term of court from the time the case was first placed on the trial docket until the entry of the final order by which the motion of the condemner was sustained as stated above.

Article III, Section 9 of the Constitution of West Virginia contains the following language: "Private property shall not be taken or damaged for public use, without just compensation; * * * and when private property shall be taken, or damaged, for public use * * * the compensation of the owner shall be ascertained in such manner, as may be prescribed by general law; Provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders." Provision is made by Article 2 of Chapter 54 of the Code for the appointment by the circuit court of commissioners to ascertain just compensation to the landowner. Section 10 of the same article contains the following language dealing with proceedings upon the report of such commissioners and with trial by jury: "Within ten days after such report is returned and filed as aforesaid either party may file exceptions thereto, and demand that the question of the compensation to be paid be ascertained by a jury, in which case a jury of twelve freeholders shall be selected and impaneled for the purpose, in such manner as the court shall direct. * * * If no exceptions be filed to such report, and neither party demand a trial by jury as aforesaid, the court, or the judge thereof in vacation, unless good cause be shown against it, or it be defective or erroneous on its face, shall confirm such report, and order it to be recorded in the law order book of the court."

From the constitutional and statutory provisions quoted above, which apply specifically and solely to eminent domain proceedings, there can be no question of the right of either party to demand a jury trial. The Constitution states that a jury trial may be required by "either of the parties." In a similar manner the statute provides that "either party" may demand a jury trial, and that if "neither party demand a trial by jury", the commissioners' report shall be confirmed. It is clear, therefore, that the parties may act severally, and that either party may demand a jury trial even though the other party is indifferent in the matter or even opposes trial by jury. *Lynchburg Colliery Co.* v. *Eary,* 105 W. Va. 460, 462, 143 S. E. 154, 155. In other words, a reasonable construction of such language is that one party may demand a jury trial while the other may consent to, approve or acquiesce in the finding of the commissioners by his failure to except and demand a jury trial.

On the other hand, there is a different constitutional provision and there is a different statutory provision relating generally to the right to trial by jury. The Constitution of West Virginia provides in Article III, Section 13: "In suits at common law, where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; * * *." It has been held that this provision does not create a right to a jury trial but merely preserves such right in cases in which it existed at common law. *Simms* v. *Dillon,* 119 W. Va. 284, 297, 193 S. E. 331, 337; *Lamb* v. *Strother,* 118 W. Va. 257, pt. 3 syl., 189 S. E. 865; *Lawhead, Receiver* v. *Board of Trustees,* 115 W. Va. 475, 176 S. E. 860. It has been held also that this constitutional provision gives the absolute right to trial by jury when the matter in controversy exceeds twenty dollars "provided that right is asserted." *Matheny* v. *Greider,* 115 W. Va. 763, 177 S. E. 769.

Article III, Section 9 of the Constitution of West Virginia, which provides that private property shall not be taken for public use without just compensation, is not a source of the power of eminent domain, for the reason that the right of the state to take or damage private property for public use

is an inherent attribute of sovereignty, irrespective of any constitutional or statutory provision. The constitutional provision quoted above is merely a restriction upon the inherent right to exercise such power. *State* v. *Professional Realty Co.*, 144 W. Va. 652, 657, 110 S. E. 2d 616, 620. The state, therefore, retains that inherent right except as restricted by constitutional or statutory provision.

"There was no right to a jury trial in an eminent domain proceeding at common law." *Simms* v. *Dillon,* 119 W. Va. 284, 297, 193 S. E. 331, 337. See also *Charles* v. *Big Sandy and Cumberland Railroad Co.*, 142 Va. 512, 129 S. E. 384; 29 C.J.S., Eminent Domain, Section 209, page 1127. The landowner, therefore, has no right to a jury trial in this eminent domain proceeding except to the extent that such right is provided for by the Constitution and the statutes which confer such right. If the landowner "does not bring himself within the purview of the applicable statutory or constitutional provision relied on as conferring such right, he is not entitled to a jury trial thereunder." 29 C.J.S., Eminent Domain, Section 281, page 1284.

The landowner relies upon cases holding that one who has appealed from a justice of the peace court to a circuit court has no right to dismiss such appeal over the objection of the appellee. Unlike the situation here under consideration, two separate courts are involved in an appeal from the judgment of a justice of the peace; and on appeal the case is tried *de novo* in the circuit court. *Taylor* v. *Campbell, Cooper & Co.*, 77 W. Va. 347, 87 S. E. 377; *Whelan* v. *Balto. & Ohio Railroad Co.*, 70 W. Va. 442, pt. 2 syl., 74 S. E. 410. On the contrary, this eminent domain proceeding does not involve a removal of the case by appeal or otherwise from one court to another. Under the statutes of this state, which have been enacted pursuant to constitutional authorization, an eminent domain proceeding is instituted in the circuit court, the commissioners are appointed by that court, and, if a jury trial is had, it also is in the same court. The action taken by the condemner in this case, therefore, was not an appeal in any sense, but rather it was simply a demand for trial by a jury in the same court in which the proceeding

was instituted initially. While the condemner excepted to the report, it has not urged any basis of exception on the ground that the report is "defective or erroneous on its face", on the ground of any irregularity in the proceedings or otherwise. The action taken by the condemner in this respect was merely a demand for a jury trial.

The right to a jury trial in an eminent domain proceeding requires positive action on the part of the one desiring such jury trial. Constitution, Article III, Section 9 provides that a jury be "required". Code, 54-2-10, provides that a party desiring a jury trial shall "demand" it; and that if neither party "demand" trial by jury, the report of the commissioners shall be confirmed, unless good cause against such confirmation be shown or unless the report be defective or erroneous on its face. That is to say, positive action is not required in order to waive the right to jury trial; but, on the contrary, positive action is required of one in order that he be accorded that right.

While precedents for the precise question here presented are somewhat limited among reported decisions of appellate courts, we believe that the clear weight of authority supports the rule that the right to a jury trial in situations such as this is waived unless demanded or asserted in the manner prescribed. "A constitutional guaranty that the compensation shall be assessed by a jury may be waived, as where there is failure to make due and timely application for jury trial on appeal from an award by commissioners or on appeal from a judgment confirming such award." 29 C.J.S., Eminent Domain, Section 281, page 1285. "There must be a demand made for a jury, and the right to a jury is waived by failure to make such demand within the time fixed by statute." 30 C.J.S., Eminent Domain, Section 372, page 71.

In the case of *Fall River Railroad Co. v. Chase*, 125 Mass. 483, the court, in dealing with a situation similar to that involved in the instant case, made the following observations:

> "Either party, dissatisfied with the award of the county commissioners, assessing damages for the

taking of land for a railroad, may apply for a jury to assess the damages.

* * *

"A petition for a jury is not strictly an appeal, and does not vacate the award of the commissioners. The petitioner had the right, at any stage of the proceedings, upon such terms as the court should order, to waive a trial by jury and accept the award of the commissioners. * * * The respondent, not having himself filed a petition for a jury and entered into a recognizance, had no right to insist upon a trial by jury.

* * *

"The case is not like one in which the defendant has filed a declaration in set-off upon a distinct cause of action, and which cannot therefore be discontinued by the plaintiff without his consent. * * * It is more analagous to an ordinary action at law, in which the plaintiff has the right to become nonsuit at any time before trial."

In the case of *Western Farmers Electric Cooperative* v. *Rowlett*, (Okla.), 288 P. 2d 726, involving a condemnation proceeding, the condemner excepted to the report of the commissioners which fixed the value of the landowners' damages, and, within the thirty-day time limit provided by the Oklahoma statute, filed a demand for a jury trial. Long after the expiration of the thirty-day period, the landowners filed a similar demand. Before submission of the case to the jury, the condemner moved to withdraw its demand for a jury trial and to strike the landowners' similar demand. The district court denied both motions. In reversing the district court's ruling on each motion, the Supreme Court of Oklahoma stated:

"Had the defendants not filed a demand for a jury trial, the plaintiff would have had the 'right to discontinue its petition for a jury and accept the award of the commission [and] * * * if the company filed such discontinuance, the landowner, not having applied for a jury, was not entitled to insist upon a trial by jury.' *Short* v. *State Highway Comm.*, 151 Okla. 85, 1 P. 2d 676, 677.

* * *

"* * * The defendants in the instant case stood in much the same positions as cross appellants. In perfecting their appeal or cross appeal the defendants were required to comply with the statute as to method and time if they desired to avail themselves of the right to jury trial. This they did not do in that their demand for jury trial was filed long after the statutory time therefor had expired.

* * *

"The conclusion then follows, in the case at bar, that defendants' demand for jury trial was a nullity * * *. Plaintiff had the right under the authority of the *Short* case, *supra*, to withdraw its demand for jury at any time before the submission of the case."

To the same effect see also: *Upper Coos R. Co.* v. *Parsons*, 66 N. H. 181, 19 A. 10; *United States Nat. Bank et al.* v. *Loup River Public Power Dist.*, 139 Neb. 645, 298 N. W. 529; *Fall River Railroad Company* v. *Chase*, 125 Mass. 483; *State ex rel. State Highway Commission* v. *Kimberlin* (Mo. App.), 267 S. W. 51; *Short* v. *Highway Comm.*, 151 Okla. 85, 1 P. 2d 676; *Moore* v. *City of Mobile*, 248 Ala. 436, 28 So. 2d 203.

In the case of *State ex rel. State Highway Commission* v. *Kimberlin* (Mo. App.), 267 S. W. 2d 51, the court stated: "Certainly before a party can complain that he has been deprived of his right to a jury trial in a condemnation case, he must show that he exercised sufficient concern and diligence in preserving this right by filing, within 10 days after the notice of the commissioners' award, a request for a new appraisement. He cannot demand that his adversary preserve this right for him by either (1) filing exceptions within the 10-day period, or (2) keeping exceptions on file."

For reasons stated herein, the Court holds that the landowner waived his right to a jury trial by his failure to make timely demand therefor as required by Code, 1931, 54-2-10, and, accordingly, the judgment of the Circuit Court of Jackson County is affirmed.

Judge Leslie E. Given participated in the decision of this

case and concurred in the decision made, but his death occurred before this opinion was prepared, approved and announced.

*Affirmed.*