2012 OK CIV APP 71

STATE of Oklahoma, ex rel., DEPART-
MENT of TRANSPORTATION,
Plaintiff/Appellee,

v.

K & L LEASING, INC., First Federal
Bank of Arkansas and the Delaware
County Treasurer, Defendants/Appel-
lants.

No. 108,784.

Court of Civil Appeals of Oklahoma,
Division No. 1.

June 28, 2012.

K. Ellis Ritchie, David Franklin Duvall,
Pryor, Oklahoma, for Appellants.

C. Bart Fite, Muskogee, Oklahoma, for
Appellee.

LARRY JOPLIN, Vice–Chief Judge.

¶ 1 Appellant, K & L Leasing Inc. (K & L),
seeks review of the trial court's judgment,
totaling $1,936.82, awarding costs to the
Oklahoma Department of Transportation
(ODOT) in the underlying condemnation ac-
tion. K & L argues 69 O.S.2001 § 1203(e)(1)
does not provide for costs against a party
that withdraws its demand for a jury trial, in
acceptance of the commissioners' award in a
condemnation action.

¶ 2 Appellee, ODOT, argues the trial
court's cost award was proper under
§ 1203(e)(1), because K & L filed a jury trial
demand and did not withdraw it until five
days before trial, after the costs awarded had
already been incurred. In addition, Appellee
requested appeal-related attorney fees.

¶ 3 In August 2008, ODOT filed an eminent
domain action to condemn land belonging to
K & L. In November 2008, the commission-
ers' report set the just compensation value
for the land to be taken at $196,733.00. Not
satisfied with the commissioners' reported
value, ODOT, the condemnor, filed a demand
for jury trial in December 2008, asking that a
jury assess the damages resulting from the
taking. K & L filed its demand for jury trial
in January 2009.

¶ 4 In March 2010, K & L withdrew its
jury trial demand, effectively agreeing to ac-
cept the commissioners' reported just com-
pensation. The trial proceeded on ODOT's
request for jury trial and the jury returned a
verdict setting the damages at $116,250.00,
an amount less than the $196,733.00 set by
the commissioners.

¶ 5 The Oklahoma Highway Code of 1968,
69 O.S.2001 § 1203, provides guidelines for
the acquisition of land through donation or

condemnation. Section 1203(e)(1) provides in part as follows:

(e) (1) The report of commissioners may be reviewed by the district court, on written exceptions filed by either party in the clerk's office within thirty (30) days after the filing of such report, and the court, after hearing had, shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown. Provided, that in the event a new appraisement is ordered, the Department shall have the continuing right of possession obtained under the first appraisal, unless and until its right to condemn has finally been determined otherwise; *or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to the party than the assessment of the commissioners, all costs in the district court shall be taxed against the party.* (Emphasis added).

¶ 6 ODOT claims § 1203(e)(1) supports its right to the costs award assessed and K & L claims the statute supports its position that no costs should be awarded to ODOT in this case. The trial court's award of costs to ODOT rests upon its interpretation and application of the statute. This presents a question of law to be reviewed on appeal by a *de novo* standard. *State of Oklahoma, ex rel. Dep't of Transp. v. Kelly*, 2007 OK CIV APP 25, ¶ 4, 156 P.3d 734, 736; *Fulsom v. Fulsom*, 2003 OK 96, ¶ 2, 81 P.3d 652, 654. For the reasons provided, we reverse the costs award to ODOT. We also decline to award ODOT appeal-related attorney fees.

¶ 7 K & L Leasing argues that it had the right to withdraw its demand for a jury trial and accept the award of the commissioners. *Short v. State Highway Comm'n*, 1931 OK 352, ¶ 12, 151 Okla. 85, 1 P.2d 676, 677. And the plain language of the statute does not provide for costs to be assessed against K &

L, because the cause went forward on ODOT's jury trial demand and not K & L's.

¶ 8 K & L points out that § 1203(e)(1) states, *"[i]f the party demanding such trial does not recover a verdict more favorable to the party than the assessment of the commissioners, all costs in the district court shall be taxed against the party[,]* " (emphasis added) and use of the word "demanding" indicates it is a present and continuing demand, resulting in a jury verdict that would bring about costs against that "demanding" party. In the present case, ODOT alone was the only party "demanding" a trial when the time came to try the case, and the language of the statute does not assess costs against K & L under these circumstances.

¶ 9 It is clear from *Short*, 1 P.2d at 677, that K & L had a right to discontinue its petition for a jury trial and accept the commissioners' valuation. *See also Williams v. State of Oklahoma, ex rel., Dep't of Transp.*, 2000 OK CIV APP 19, ¶ 34, 998 P.2d 1245, 1252. However, *Short* does not present the same facts as the present case, because the condemning authority in *Short* did not also demand a jury trial. As a result, the court taxed costs against the landowner in *Short*, because the highway commission in that case never requested a jury trial and all the costs incurred were done in furtherance of landowner's trial demand.

¶ 10 ODOT would have us disregard this distinction and assess costs here, where the trial was first demanded and eventually brought to its conclusion by the condemnor. Both ODOT and the district court order awarding costs made reference to *State of Oklahoma, ex rel. Dep't of Transp. v. Moore*, 2009 OK CIV APP 63, 217 P.3d 165. However, *Moore* does not address the facts presented in this case. Instead, *Moore* presents a discussion of what expenses, including court reporter fees and expert witness fees, are recoverable by a condemnor where the landowner demanded a jury trial and did not recover a more favorable verdict than the commissioners' valuation.

¶ 11 In the event ODOT requested trial in December 2008, which it did, and then proceeded to trial in the district court to appeal the commissioners' valuation, which ODOT

also did, application of § 1203(e)(1) would not require the landowner, K & L, to pay ODOT's costs. *Kelly v. Oklahoma Turnpike Auth.*, 1954 OK 112, 269 P.2d 359. The fact that in between ODOT's demand for jury trial and the trial itself, K & L also demanded a trial and then withdrew that demand, does not change the application of the statute under the present set of facts.

¶ 12 Section 1203(e)(1) has several components, (1) a party "demanding" trial, (2) then that "demanding" party receives a less favorable verdict than the commissioners' valuation, (3) and only after those elements are satisfied does the party who demanded access to the district court pay costs. "Fundamental to statutory construction is to ascertain and give effect to legislative intent." *Humphries v. Lewis*, 2003 OK 12, ¶ 7, 67 P.3d 333, 335. Legislative intent is determined by the plain language of a statute, and if the language is clear, there is no need for construction. *First Am. Bank and Trust v. Oklahoma Indus. Fin. Auth.*, 1997 OK 155, ¶ 19, 951 P.2d 625, 631–32.

¶ 13 Here, K & L was not the party "demanding" a trial; instead, ODOT was the party demanding trial. And as the "demanding" party, ODOT could have been liable for costs if the jury verdict had been less favorable for ODOT than the commissioners' award; however, it does not follow that a more favorable verdict for ODOT requires costs to be taxed against the non-demanding party. Section 1203(e)(1) does not formulate a method by which K & L would pay costs under this set of circumstances. The award of costs against K & L, in favor of ODOT, is REVERSED.

¶ 14 ODOT's request for appeal-related attorney fees under 12 O.S. Supp.2004 § 696.4 is denied.

BUETTNER, P.J., and HETHERINGTON, J. (sitting by designation), concur.